**Virginia KRANTZ, Plaintiff,**

v.

**Charles BONECK, Regal Stations, and Wickland Oil Co., Defendants.**

**No. CV–R–84–140–ECR.**

United States District Court,
D. Nevada.

Dec. 18, 1984.

Gary C. Backus, Reno, Nev., for plaintiff.

Woodburn, Wedge, Blakey & Jeppson by Suellen Fulstone, Reno, Nev., for defendants.

ORDER

EDWARD C. REED, Jr., District Judge.

Plaintiff moves to remand this case to the District Court of Washoe County after removal here by defendants pursuant to 28 U.S.C. § 1441.[1] Plaintiff filed a response

---

1. As required by 28 U.S.C. § 1446(a), all defend-ants properly joined in the petition for removal.

to defendants' petition for removal and apparently incorporated that response in her motion for remand. Plaintiff's grounds for remand are: (1) that this court lacks jurisdiction; and (2) that defendants' petition for removal was untimely. Because this Court finds that defendants' petition was untimely, we need not reach any of the remaining issues.

This action was originally filed in the District Court of Washoe County on January 25, 1984, by the plaintiff, Virginia Krantz, against defendants, Charles Boneck, Regal Stations and Wickland Oil Co. Plaintiff's complaint claimed damages for offensive touching, breach of contract, and tortious interference of contract. In addition to allegations of offensive touching in plaintiff's first claim for relief, there are also allegations of "retaliation" by defendant Boneck. Further, plaintiff alleges loss of wages and employee benefits, all of which suggest that plaintiff's first claim for relief rests on allegations of employment discrimination.

*Analysis*

■■■ The right to remove a case from state to federal court is a statutory right. *See* 28 U.S.C. § 1441. This Court retains jurisdiction over those cases removed from state court in which this Court would have had original jurisdiction.[2] The burden of establishing federal jurisdiction rests on the party seeking removal. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921); *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1426 (9th Cir.1984). The removal statute is strictly construed against removal jurisdiction. *Salveson*, 731 F.2d at 1426.

■■■ While the time limitations of 28 U.S.C. § 1446(b) are not jurisdictional they are mandatory and are to be strictly construed when asserted by a party opposing removal. *See United States ex rel. Walker v. Gunn*, 511 F.2d 1024, 1026 (9th Cir. 1975), *cert. denied* 423 U.S. 849, 96 S.Ct. 91, 46 L.Ed.2d 72 (1975); 14 Wright, & Miller & Cooper, *Federal Practice and Procedure*, § 3732.

Plaintiff argues that defendants' petition for removal was untimely, because it was not filed "within thirty days after the receipt by the defendant, ... of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based ..." as required by the first paragraph of 28 U.S.C. § 1446(b).

Defendants, however, argue that it is the second paragraph of § 1446(b) that determines when the thirty days for removal begins to run in the instant case:

> If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

Defendants' petition for removal is based on an allegation of federal question jurisdiction. Defendants argue that the case was not removable on the initial pleading because they could not ascertain what

*See Ely Valley Mines v. Hartford Acc. & Indem. Co.*, 644 F.2d 1310, 1314 (9th Cir.1981).

2. 28 U.S.C. §§ 1441(a), 1441(b) provide:
(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.
*See also* 28 U.S.C. § 1332.

plaintiff's claims for relief were based upon and that the case only became removable when plaintiff stated in her deposition that defendants had violated federal statutes.[3] Thus, defendants argue that the thirty day time limitation did not begin to run until the plaintiff's deposition.

■ The question presented is, whether this case was "not removable" on the initial pleading and therefore whether defendants' time period for removal is determined by the second paragraph of § 1446(b). The second paragraph covers situations in which "the case stated by the initial pleading is not removable ..." and entitles the defendant to removal at such later time as "it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).

Defendants argue that it was not until plaintiff's deposition was taken on or about March 27, 1984, that the defendants learned that there was federal jurisdiction. Thus, defendants aver that the petition to remove was timely filed because it was filed within thirty days from a pleading or other paper (the deposition) from which it may be ascertained that the case is removable.

While a deposition may reveal facts not previously available to the defendant, that is not the case here. In this case, plaintiff, a layperson, merely opined in her deposition that defendants had violated federal and state laws. Defendant should not be permitted to allow the case to remain in state court, while they engage in discovery, move for numerous extensions of time, and then rely on the statement of plaintiff during her deposition to determine that removal to federal court is proper based on federal question jurisdiction.

If this case was removable, it was ascertainable from the facts alleged on the face of the complaint. The facts of the instant case as presented in plaintiff's complaint do appear sufficient to support removal jurisdiction based on a federal question. The first claim for relief in plaintiff's complaint is an allegation of sex discrimination. This court would have had original jurisdiction over this case had plaintiff filed the case in this Court with a proper allegation of jurisdiction. In fact, federal courts have exclusive jurisdiction of Title VII sex discrimination cases.[4]

CONCLUSION

■ Accordingly, this Court finds that the second paragraph of 28 U.S.C. § 1446(b) is inapplicable to this case and that defendants' time period for removal began to run from their receipt of the initial pleading, according to the first paragraph of § 1446(b). It is not true here that

---

**3.** Defendants' points and authorities undermine this contention. In their opposition to motion for remand defendants state:

"The cause of action set forth in the first claim is substantially more difficult to determine. There are allegations of offensive touchings of plaintiff by the defendant, which could advert to a claim in battery. At the same time, there are allegations of 'retaliation' by plaintiff's employer and its termination of her employment for reporting these allegedly offensive touchings and the loss of wages and employee benefits in damages, *suggesting a claim* in employment discrimination, specifically that form of sex discrimination commonly referred to as sexual harassment. However, none of the employment discrimination statutes, either state or federal, is [sic] referenced."

Defendants' Points and Authorities in Opposition to Motion for Remand at 1–2. (emphasis added).

Defendants rely on the complaint to support their argument that there was federal jurisdiction and then change face and allege that they didn't know it was removable until plaintiff's deposition.

**4.** In light of this Court's disposition of this case based on the lack of timeliness of defendants' petition for removal, this Court need not reach the other issues presented. Those include whether plaintiff attempted to elude exclusive federal jurisdiction over her first claim for relief by "artfully pleading," and whether this Court's derivative jurisdiction would not be triggered if the state court had no jurisdiction. *See Lambert Run Coal Co. v. Baltimore & Ohio R.R. Co.,* 258 U.S. 377, 382, 42 S.Ct. 349, 351, 66 L.Ed. 671 (1922); *see generally, Federated Dept. Stores, Inc. v. Moitie,* 452 U.S. 394, 397 n. 2, 101 S.Ct. 2424, 2427 n. 2, 69 L.Ed.2d 103 (1981).

"the case stated by the initial pleading is not removable"; the second paragraph of § 1446(b) does not apply. Where the initial pleading is indeterminate, absent fraud by the plaintiff or pleadings that provide "no clue" that the case is not "not removable", the burden is on the defendants desiring removal to scrutinize the case and to remove it in a timely fashion.

The rule is not unduly harsh on the defendants. In effect, the defendants are put on inquiry notice by the plaintiff's initial pleading and must inquire of the plaintiff the jurisdictional facts necessary to the petition to remove. It is a burden that rightly rests on the defendants because they are the ones who seek access to a court of limited jurisdiction.

This Court holds, therefore, that the thirty day time limit of § 1446(b) began to run upon defendants' receipt of the complaint. Furthermore, this Court finds that the defendants failed to carry their burden of proof that the petition for removal was timely.

IT IS, THEREFORE, HEREBY ORDERED that plaintiff's motion to remand is GRANTED.

IT IS FURTHER ORDERED that there shall be no award of costs pursuant to 28 U.S.C. § 1447(c). It appears to the Court that the removal was the result of excusable misapprehension as to the law. There is no evidence of bad faith motives on the part of defendants in removing the case.