**G. Mitchell SMITH and Sue Smith, Plaintiffs,**

v.

**INTERNATIONAL HARVESTER CO., A Delaware corporation; and Black Companies I through IV, Defendants.**

No. CV–R–85–349–ECR.

United States District Court, D. Nevada.

Nov. 6, 1985.

John R. Brydon, Reno, Nev., for plaintiffs.

Jerry H. Mowbray, Reno, Nev., for defendant Intern. Harvester.

## ORDER

EDWARD C. REED, Jr., District Judge.

On December 13, 1984, the plaintiffs in this action filed a personal injury complaint in the Second Judicial District Court of the State of Nevada. At that time, plaintiffs, who are both Nevada residents, had included as a defendant in the action Bell Brand Ranches, which is a resident and domicillary of the State of Nevada. Sometime prior to March 29, 1985, Bell Brand and the plaintiffs reached a settlement. On March 29, 1985, in response to an interrogatory propounded by defendant International Harvester, the plaintiffs indicated that Bell Brand had settled with plaintiffs for $7,500. The date on which the parties filed the stipulation of settlement in the state court is not indicated on this record. The official Notice of Entry of Order of Dismissal, in which the state court recognized the settlement and dismissed Bell Brands from the action was not filed until June 6, 1985.

On July 3, 1985, International Harvester removed the case to this court pursuant to 28 U.S.C. § 1441(a), asserting that the dismissal of Bell Brands created complete diversity between the defendants and plaintiffs in the action. The plaintiffs, however, have moved this Court to remand the action back to the state court, contending that International Harvester failed to file its removal petition within thirty days after the point when the case became removable.

## REMOVAL OF CASES FROM STATE COURTS

In order to remove a case from state to federal court, there must exist on the face of the complaint original federal subject matter jurisdiction. 28 U.S.C. § 1441(a). In the present case, federal subject matter jurisdiction did not exist on the face of the complaint. It was only after the non-diverse Bell Brands was dismissed from the suit that federal subject matter jurisdiction arose. Removal in such a situation is still possible, for 28 U.S.C. § 1446 provides that

[i]f the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b). Plaintiffs claim that their answers to the defendants' interrogatories, in which they indicated that they had settled with non-diverse Bell Brands, constitute "other paper" through which the

defendants should have ascertained that removal was possible. The defendants, however, claim that the answers to interrogatories in this case are not sufficient to constitute "other paper," and that the real notice of the possibility of removal did not come until the entry of the official order dismissing the non-diverse defendant.

The law is clear that an answer to an interrogatory may constitute an "other paper" for the purposes of the Code. Initially, courts have stated that "the time period to remove an action cannot depend on defendant's *actual* knowledge, because the *statute expressly allows a defendant to rely on papers presented to it.*" *Jong v. General Motors Corp.*, 359 F.Supp. 223, 225 (N.D.Cal.1973) (emphasis supplied) (*citing Camden Indus. Co. v. Carpenters Local No. 1688*, 246 F.Supp. 252 (D.N.H.1965) *aff'd*, 353 F.2d 178 (1st Cir.1965)); *Bonnell v. Seaboard Airlines R.R.*, 202 F.Supp. 53 (N.D.Fla.1962); *Hamilton v. Hayes Freight Lines*, 102 F.Supp. 594 (E.D.Ky. 1952). In addition, a court must take note that the "amended pleading, motion, order or other paper" must derive from "either the voluntary act of the plaintiff in the state court, or other acts or events not the product of the removing defendant's activity." *Potter v. Carvel Stores of New York, Inc.*, 203 F.Supp. 462, 467 (D.Md.1962) *aff'd*, 314 F.2d 45 (4th Cir.1963) (*citing Putterman v. Daveler*, 169 F.Supp. 125 (D.Del.1958)). Many courts have found that answers to interrogatories constitute exactly such voluntary acts of the plaintiff, even though they are responses to questions originated by the defendant.

In *Miller v. Stauffer Chemical Co.*, 527 F.Supp. 775 (D.Kan.1981), for example, the plaintiff filed the initial petition in the state district court, setting out the facts necessary to establish complete diversity, but only claiming damages of $8,000. Thus the original complaint failed to establish federal subject matter jurisdiction because the claimed damages did not meet the $10,000 requirement of 28 U.S.C. § 1332. *Id.* at 776. On August 5, 1980, the plaintiff responded to interrogatories propounded by defendant. In its answer to those interrog-

atories, the plaintiff admitted that its injuries had exceeded the amount required for diversity jurisdiction. On August 21, 1980, the defendant filed a petition for removal to federal court. The plaintiff, however, moved to remand the case contending that the actual time at which the case became removable was August 16, 1979, on which date the plaintiff had requested leave to file an amended complaint to reflect increased damages.

The Kansas federal district court initially found that the mere filing of a motion for leave to amend a complaint could not be taken as notice that a previously non-removable case was now removable. As the court noted, "the mere filing of a motion to amend does not affect the existence or non-existence of federal jurisdiction and cannot make an action removable that was not removable under the original complaint." *Id.*, at 777. On the other hand, the court noted that answers to interrogatories could be taken as "other paper" sufficient to give notice that a case has become removable. The plaintiff's answers to the interrogatories, found the court, were "a voluntary act that changed the damages claim to an amount exceeding $10,000, and thus, for the first time, established plaintiffs' claim for damages in an amount required for diversity jurisdiction." *Id.* at 778 (*citing Fleming v. Colonial Stores, Inc.*, 279 F.Supp. 933, 934 (N.D.Fla. 1968)). *See Ellis v. Logan Co.*, 543 F.Supp. 586, 589 (W.D.Ky.1982) (answers to interrogatories which ascertained jurisdictional amount sufficient to start running of 30-day period); *Brooks v. Solomon Co.*, 542 F.Supp. 1229, 1230 (N.D.Ala.1982) (answers given at a deposition constitute "other paper" for purposes of the code); *Lee v. Altamil Corp.*, 457 F.Supp. 979, 981 (M.D. Fla.1978) (documents obtained during the course of discovery may be "other paper" for purposes of the Code); *see also Krantz v. Boneck*, 599 F.Supp. 785, 787 (D.Nev. 1984) (federal subject matter existed on the face of the complaint, and thirty-day period thus ran from its filing; answers to inter-

rogatories which contained additional jurisdictional facts therefore irrelevant).

■ Answers to interrogatories or questions put at depositions may thus constitute the "other paper" necessary to give notice that a state court action has become removable. Plaintiff in this action contends that its answer to International Harvester's interrogatory gave such notice. What the answer to the interrogatory told the defendant, however, was that the plaintiff had *settled* with Bell Brands, not that Bell Brands had been dismissed from the suit. Under Nevada law, the two are not identical.

Nevada Rules Civ.Proc., Rule 41(a)(1) provides that

[a]n action may be dismissed by the plaintiff upon repayment of defendants' filing fees, without order of the court ... (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action.

Thus, the approval of the court is not necessary in order to dismiss a party from a suit in Nevada courts, as plaintiffs contend. It is necessary, however, that the stipulation be signed by all parties to the action, and that that stipulation be filed with the court before the party may be considered dismissed. *Jeep Corp. v. Second Judicial District Court*, 98 Nev. 440, 652 P.2d 1183, 1186 (D.Nev.1982). Merely stating that a settlement has been reached does not equate to notice that a party has been dismissed from the suit, therefore. There must be indication that a stipulation has been signed by all parties and filed before one may reasonably conclude under state law that a party has been dismissed from the action. In this sense, plaintiffs' interrogatory answer is not sufficient to indicate that the case had become removable, in that the answer stated merely that a settlement had been reached, not that the stipulation for dismissal of Bell Brands had been signed and filed.

■ Plaintiffs further contend that the defendant received sufficient notice of the case's removability when he received a copy of the notice to set for trial on March 13, 1985. Because the certificate of service appended to the notice indicated that service had only been made on defendant International Harvester's attorney, plaintiffs contend that defendant should have thereby concluded that Bell Brands and any other fictitious parties (Does) had been dismissed from the suit, and that diversity jurisdiction was then available. Plaintiffs' contention has merit, at least as far as the fictitious parties are concerned.

*Barngrover v. M.V. Tunisian Reefer*, 535 F.Supp. 1309 (C.D.Cal.1982), is instructive. In that case, a longshoreman sought to recover damages for personal injuries sustained while loading cargo aboard a ship docked at a California port. The plaintiff commenced the action in the California state court system and named the following as defendants: the vessel involved; Norton, Lilly and Company, a California corporation; and twenty fictitious defendants. On June 8, 1981, Norton, Lilly was dismissed from the action. On October 19, 1981, an at issue memorandum, which indicated that none of the fictitious defendants remained in the suit, was filed by the plaintiff and served upon the defendant. On January 8, 1982, a pretrial conference was held, at which the parties completed a questionnaire which asked identical questions to those answered by the at issue memo.

Less than thirty days following the pretrial conference, on February 5, 1982, the defendant removed the case to the United States District Court for the Central District of California. The plaintiff, however, opposed the removal, on the grounds that the petition for removal had not been filed in a timely manner. In that the at issue memorandum of October 19 indicated that none of the ficticious defendants remained in the suit, the plaintiff argued, that document demonstrated the complete diversity between the parties involved, and constituted the "other paper" indicating the availability of removal.

The court agreed with the plaintiff. The at issue memorandum, it found, is a representation by the plaintiff that all essential parties have been served prior to the time

of trial, and that no other pleadings remain to be filed. *Id.* at 1311. The court thus found that, "the filing of an At-Issue Memorandum represents a deliberate choice on the part of the plaintiff to abandon claims against further unserved fictitious defendants in order to obtain a position on the civil active list." *Id.* The memo thus revealed that the plaintiff had abandoned hope of joining the fictitious parties, and indicated the existence of diversity jurisdiction. Therefore, the defendant should have filed the petition for removal within thirty days of receipt of the memo, and not from the pretrial conference. The petition was thus tardy in this case, and the court remanded back to state court.

In the present case, the defendant International Harvester could have properly assumed, as in *Barngrover,* that the notice to set trial indicated the plaintiff's concession that no other parties would be named. In this sense, defendant should have known that the *fictitious parties* (Does) could no longer destroy absolute diversity. Thus, if Bell Brands had been dismissed from the action at this time, the thirty days in which a removal petition would have been proper would have begun to run from the filing of the notice, because it would have indicated the existence of complete diversity.

However, contrary to plaintiffs' contentions, the notice to set in this case contains no indication that Bell Brands had been dismissed from the action. Although the certificate of service on the document makes no reference to Bell Brands, the document's caption clearly indicates that Bell Brands was at that time considered to be part of the suit. Moreover, defendants had not yet received plaintiffs' interrogatory answers when the notice to set was received, so they were not yet even aware of the possibility of Bell Brands' dismissal. Although the notice to set indicated that the Does were no longer in the suit, the defendants had no way of knowing from the face of this document whether Bell had actually been dismissed. In this sense, the notice cannot be taken as "other paper" indicating the existence of federal subject matter jurisdiction. Only the official notice

which indicated that the non-diverse Bell Brands had been dropped from the suit can be so construed. In that the defendant International Harvester filed its petition for removal within thirty days of the notice of Bell Brands' dismissal, the petition is timely, and the case need not be remanded to state court.

IT IS, THEREFORE, HEREBY ORDERED that the motion to remand this case is DENIED.