Jerry FUNG and Lisa Fung, Plaintiffs,

v.

ABEX CORPORATION,
et al., Defendants.

Richard BOOK and Phyllis
Book, Plaintiffs,

v.

ABEX CORPORATION,
et al., Defendants.

Dale EPPERSON and Carmen
Epperson, Plaintiffs,

v.

ABEX CORPORATION,
et al., Defendants.

Nos. C–92–2929 DLJ, C–92–2930
DLJ and C–92–3137 DLJ.

United States District Court,
N.D. California.

Oct. 26, 1992.

Philip A. Harley and Patricia E. Henley of Brayton, Gisvold & Harley, Novato, CA, for plaintiffs.

Christopher J. Mead, of Cooper, White & Cooper, San Francisco, CA, Beth E. Orlowsky, with McKenna & Cuneo, Washington, DC, and Merle J. Smith, Jr., Gen. Counsel for General Dynamics, for defendants.

JENSEN, District Judge.

On October 14, 1992 the Court considered plaintiffs' motion for remand. Philip A. Harley and Patricia E. Henle of Brayton, Gisvold & Harley appeared for plaintiffs. Christopher J. Mead of Cooper, White & Cooper, Beth E. Orlowsky of McKenna & Cuneo, and Merle J. Smith, Jr., General Counsel for General Dynamics appeared for defendants. Having considered the papers submitted, the arguments of counsel, the applicable law, and the entire record herein, the Court DENIES plaintiffs' motion for remand and shall notify the Clerk of the Judicial Panel on Multidistrict Litigation regarding the pendency of these actions pursuant to 28 U.S.C.A. § 1407.

## I. BACKGROUND

On or about June 10, 1992, plaintiffs Jerry and Lisa Fung and plaintiffs Richard and Phyllis Book filed personal injury and loss of consortium actions against defendant General Dynamics and 277 other defendants. Plaintiffs Dale and Carmen Epperson filed a similar action against the same defendants on July 7, 1992. Initially the cases were filed in San Francisco Superior Court alleging

personal injuries resulting from exposure to asbestos.

Defendant General Dynamics removed the cases to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1441 and 1442. General Dynamics argues that many of plaintiffs' allegations stem from their employment by the United States Navy at Mare Island Shipyard, a United States Naval facility as well as other Naval facilities. Defendant also argues that the claims of asbestos exposure involve plaintiffs' duties while on board United States Navy submarines constructed by General Dynamics pursuant to federal contract. This Court related the three actions on September 11, 1992. Plaintiffs request that the Court remand these actions to San Francisco County Superior Court claiming that 28 U.S.C.A. §§ 1441, 1442 and 1446 are inapplicable.

## II. DISCUSSION

### A. Motion for Remand

Title 28 U.S.C. § 1441(a) provides that any civil action of which the district courts have original jurisdiction may be removed unless a statute expressly provides otherwise. "On Motion for Remand, the burden of proving the propriety of removal rests in the party who removed." *Societa Anonima Lucchese Olii E. Vini v. Cantania Spagna Corp.*, 440 F.Supp. 461 (D.C.Mass.1977). "[A] cause of action arises under federal law only when the plaintiff's well pleaded complaint raises issues of federal law." *Metropolitan Life Insurance Co.*, 481 U.S. 58, 63, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55; *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9–10, 103 S.Ct. 2841, 2846, 77 L.Ed.2d 420 (1983). Thus, claims "brought under state law may 'arise under' federal law if vindication of the state right necessarily turns upon construction of a substantial question of federal law, i.e., if federal law is a necessary element of one of the well-pleaded claims." *Ultramar America, Ltd. v. Dwelle*, 900 F.2d 1412, 1414 (9th Cir.1990).

A complainant cannot, "however, avoid federal jurisdiction simply by omitting from the complaint federal law essential to his claim, or by casting in state law terms a claim that can be made only under federal law." *Harper v. San Diego Transit Corp.*, 764 F.2d 663 (9th Cir.1985).

Title 28 U.S.C. § 1331(a) provides that the district court has concurrent original jurisdiction over claims where the matter in controversy exceeds $10,000 and arises under the Constitution, laws or treaties of the United States. The Ninth Circuit has indicated that personal injury actions arising from incidents occurring on federal enclaves may support district court jurisdiction under § 1331 and arise under the Constitution. *Willis v. Craig*, 555 F.2d 724, 726 (9th Cir.1977); *Mater v. Holley*, 200 F.2d 123 (5th Cir.1952).

In *Mater*, the plaintiff sued to recover for personal injuries while in Fort McPherson, a federal enclave. The court upheld federal jurisdiction even though state law would apply to the action. The court stated that the claims arose under the laws of the United States within the meaning of 28 U.S.C.A. § 1331, and federal jurisdiction was "not affected by concurrent jurisdiction in state courts." *Id.* at 125.

Although plaintiffs do not mention in their complaint that the alleged exposure to asbestos took place while on federally procured submarines which were docked at Mare Island and other federal enclaves, they claim that the injuries were a consequence of their working on naval vessels under the supervision of General Dynamics. Failure to indicate the federal enclave status and location of the exposure will not shield plaintiffs from the consequences of this federal enclave status. Like the facts in *Mater*, plaintiffs' actions arise under the laws of the United States as stated in § 1331 and are properly the subject of federal jurisdiction.

Defendant also argues that removal is proper under Title 28 U.S.C. § 1442(a)(1), which states that an action may be removed by "[a]ny officer of the United States or any agency thereof, or person acting under him, for any act under color of such office." This provision is satisfied if the moving party can (1) demonstrate that it acted under the direction of a federal officer, (2) raise a federal defense to plaintiffs' claims, and (3) demon-

strate a causal nexus between plaintiffs' claims and acts it performed under color of federal office. *Mesa v. California,* 489 U.S. 121, 124–25, 134–35, 109 S.Ct. 959, 962, 967, 103 L.Ed.2d 99 (1989).

■ Defendant General Dynamics must first show that it is a person in the context of § 1442(a)(1). While the Supreme Court has held that § 1442's "person" should not include government agencies, the Court has not decided whether a "person" should include corporations acting under a federal officer. *International Primate Protection League v. Administrators of Tulane Educ. Fund,* —— U.S. ——, 111 S.Ct. 1700, 114 L.Ed.2d 134 (1991); *Bakalis v. Crossland Sav. Bank,* 781 F.Supp. 140, 142–43 (E.D.Mo. 1987).

In *Ryan v. Dow Chemical Co.,* 781 F.Supp. 934, 946 (E.D.N.Y.1992), the court looked at the definition of a person "in light of the purpose of the section read as a whole." The *Ryan* court found that a "purely legal person such as a corporation could be engaged in activities that amount to the implementation of a federal policy under the direction of a government officer" such that state court suits against those corporations could disrupt the execution of federal law. *Ryan,* 781 F.Supp. at 946. Following the reasoning in *Ryan,* defendant General Dynamics can be characterized as a person under § 1442(a)(1) as a builder of submarines under the supervision of the Secretary of Navy or his delegees.

■ Defendant General Dynamics must next show that it was "acting under" an officer of the United States by establishing a nexus between the actions of the federal officers and the actions for which the defendant is being sued. *Gulati v. Zuckerman,* 723 F.Supp. 353, 358 (E.D.Pa.1989). If the corporation establishes "only that the relevant acts occurred under the general auspices of" a federal officer, such as being a participant in a regulated industry, they are not entitled to § 1442(a)(1) removal. *Ryan,* 781 F.Supp. at 947; *Bakalis v. Crossland Sav. Bank,* 781 F.Supp. 140, 144–45 (E.D.N.Y.1991). A majority of courts have held that the federal official must have "direct and detailed control" over the defendant. *Ryan,* 781 F.Supp. at 947.

This control requirement can be satisfied by strong government intervention and the threat that a defendant will be sued in state court "based upon actions taken pursuant to federal direction." *Gulati v. Zuckerman,* 723 F.Supp. 353 (E.D.Pa.1989). In *Gurda Farms, Inc. v. Monroe County Legal Assistance Corp.,* 358 F.Supp. 841 (S.D.N.Y.1973), the court allowed removal based on the theory that the defendant attorneys, who committed torts while acting on behalf of migrant farm workers, were governed by "exceedingly complex regulations, guidelines, and evaluation schemes." *Id.* at 844.

Plaintiffs cite *Northern Colo Water Conservancy Dist. v. Board of County Commissioners,* 482 F.Supp. 1115 (1983), and *Ryan v. Dow Chemical Co.,* 781 F.Supp. at 946, in support of their argument that General Dynamics was not acting under an officer as defined in § 1442(a)(1). In *Northern Colo Water Conservancy Dist.,* the boundaries for waste management planning agencies were created by the Clean Water Act and subject to the approval of the Administrator of the Environmental Protection Agency although the agencies owed their existence and whatever powers they possess to state law. *Id.* at 1117–18. The court said that boundary approval by a federal officer did not satisfy the control requirement for removal under § 1442(a)(1) since any "acts undertaken or powers exercised can only have been undertaken or exercised pursuant to state, not federal law." *Id.* at 1118. In the instant case, General Dynamics was under the direct control of the Secretary of the Navy and authorized to build submarines under federal contract and on federal enclaves.

*Ryan* is also distinguishable from the instant case since defendants in *Ryan* were "being sued for formulating and producing a product all of whose components were developed without direct government control and all of whose methods of manufacture were determined by the defendants." *Ryan,* 781 F.Supp. at 950. While the government contracted defendant to build submarines in the instant case, it monitored General Dynamics' performance at all times and required the defendant to construct and repair the vessels

in accordance with the applicable and approved specifications incorporated into the contracts. In addition, all contract supplies were subject to inspection, test, and approval by the government. The government also performed extensive dock and sea trials on the submarines prior to commission, to ensure complete conformity with design specifications. Given the fact that defendant has established that the government, under the direction of the Secretary of Navy, exercised "direct and detailed" control over the construction of the vessels, the "acting under" requirement of § 1442(a)(1) has been satisfied.

■ Finally, defendant must show that it can assert a colorable federal defense under § 1442(a)(1). *Mesa v. California*, 489 U.S. 121, 109 S.Ct. 959, 103 L.Ed.2d 99 (1989). The question is not whether General Dynamics' claimed defense is meritorious, but only whether a colorable claim to such a defense has been made. *Id.* at 128, 109 S.Ct. at 964. General Dynamics has stated that it intends to raise, *inter alia*, the "government contractor" immunity defense as stated in *Boyle v. United Technologies, Inc.*, 487 U.S. 500, 108 S.Ct. 2510, 101 L.Ed.2d 442; *Niemann v. McDonnell Douglas Corp.*, 721 F.Supp. 1019 (S.D.Ill.1989).

Plaintiffs argue that the instant case is independent from the contractual obligations that General Dynamics had with regard to building submarines for the government, and thus the government contractor defense is inapplicable. This argument is contrary to the rule as established in *Boyle* which deals directly with liability for design defects in military equipment. *Boyle*, 487 U.S. 500, 512, 108 S.Ct. 2510, 2518, 101 L.Ed.2d 442; *Niemann v. McDonnell Douglas Corp.*, 721 F.Supp. 1019 (S.D.Ill.1989). Defendants have satisfied the final requirement of removal under § 1442(a)(1) by asserting the government contractor immunity as a colorable federal defense. Therefore removal is appropriate both under §§ 1441(a) and 1442(a)(1).

*B. Transfer under 28 U.S.C. § 1407*

■ Pursuant to the Order of the judicial panel on multidistrict litigation, Docket No. 875, these cases should be transferred to the Eastern District of Pennsylvania where all Federal Court asbestos personal injury actions have been centralized in a single forum pursuant to 28 U.S.C.A. § 1407. In its 1991 Order, the Panel found that the involved actions, similar to the instant cases, dealt with common questions of fact relating to injuries or wrongful death allegedly caused by exposure to asbestos, "and that centralization under § 1407 in the Eastern District of Pennsylvania will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation." *In re Asbestos Products Liability Litigation (NO. VI)*, 771 F.Supp. 415 (J.P.M.L.1991).

The Panel also explained that upon the filing of "tag-along" actions, which include actions, such as this, filed subsequent to the issuance of the Panel's order and involving common questions of fact with the actions under consideration by the Panel for transfer, the Clerk of the Panel shall be notified in order to determine whether transfer is appropriate. *Id.* at 422; *See* Rule 13, R.P.J.P.M.L., 120 F.R.D. 251, 259 (1988). Since the instant cases deal with questions common to those discussed in the Panel's transfer Order, this Court shall treat them as "tag-along" actions and notify the Clerk of the Panel regarding possible transfer. The pending motions to dismiss filed by defendants will not be considered at this time since the underlying matters appear to be under the jurisdiction of MDL Order 875 which indicates that all "pretrial" proceedings should be coordinated or consolidated by the transferee court.

### III. CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

1. Plaintiff's motion for remand is DENIED.

2. This Court shall notify the Clerk of the Judicial Panel on Multidistrict Litigation regarding the pendency of these actions pursuant to 28 U.S.C.A. § 1407.

3. The parties shall appear for a status conference on Wednesday, November 25, 1992 at 8:30 a.m.

IT IS SO ORDERED.