**Herbert PACK, et al.,**

v.

**AC AND S, INC., et al.**

**Civ. Nos. 93–3011 through 93–3510 and 93–3520 through 93–3527.**

United States District Court, D. Maryland.

Dec. 17, 1993.

Peter G. Angelos, R. Bruce McElhone, and Andrew M. Cantor, Baltimore, MD, for plaintiffs.

Thomas L. Crowe, and Morton A. Sacks, Baltimore, MD, for defendant Westinghouse Elec. Corp.

Benjamin F. Davis, and Gardner M. Duvall, Baltimore, MD, for defendants AC & S, Inc., Keene Corp., and Porter–Hayden.

Deborah L. Robinson, Towson, MD, for defendant John Crane–Houdaille, Inc.

Thomas F. McDonough, and Keith R. Truffer, Towson, MD, for defendant Durabla Mfg. Co.

John B. Isbister, Baltimore, MD, for defendants Fibreboard Corp., Owens–Illinois Glass Co., and Pittsburgh Corning Corp.

Keith L. Arnold, Baltimore, MD, for defendant Foster Wheeler Corp.

Robert P. Schlenger, Baltimore, MD, for defendants Harbison–Walker Refractories and M.H. Detrick Co.

Robert J. Lynott, Baltimore, MD, for defendant Hopeman Bros., Inc.

Robert D. Klein, Annapolis, MD, for defendants Intern. Minerals and Chemical Corp., Kaiser Aluminum and Chemical Corp.

David F. Albright, Sr., Baltimore, MD, for defendants Koppers Co., Inc. and Universal Refractories.

John J. Nagle, III, Towson, MD, for defendants Lloyd D. Mitchell, Inc. and McCormick Asbestos Co.

R. Karl Aumann, and John P. Sweeney, Baltimore, MD, for defendant Owens–Corning Fiberglas Corp.

James P. Ulwick, and Perry F. Sekus, Baltimore, MD, for defendant Ruberoid Co.

### MEMORANDUM OPINION

JOSEPH H. YOUNG, Senior District Judge.

On October 18, 1993, Westinghouse Electric Corporation ("Westinghouse"), one of the defendants in a number of consolidated cases pending in the Circuit Court for Baltimore City, removed 508 personal injury asbestos cases to this Court under 28 U.S.C. § 1442(a)(1). Westinghouse argues that many of the plaintiffs' allegations stem from their employment by Westinghouse in the supply, manufacture and design of turbine generators pursuant to the direction and control of the United States Navy and the United States Maritime Commission and that the government contractor defense applies, making removal appropriate under § 1442(a)(1). Plaintiffs move to remand these cases under 28 U.S.C. § 1447(c) contending that Westinghouse's motion to remove was untimely, that Westinghouse is not a "person" for the purposes of 28 U.S.C. § 1442(a)(1) and that there is no evidence of the government contractor defense.

■ Westinghouse argues that removal is proper under 28 U.S.C. § 1442(a)(1), which provides that an action may be removed by "[a]ny officer of the United States or any agency thereof, or person acting under him, for any act under color of such office." This provision is satisfied if the moving party can (1) demonstrate that it acted under the direction of a federal officer, (2) raise a federal defense to plaintiffs' claims and (3) demonstrate a causal nexus between plaintiffs' claims and acts it performed under color of federal office. *Mesa v. California,* 489 U.S. 121, 124–25, 129–31, 134–35, 109 S.Ct. 959, 962–63, 965, 967–68, 103 L.Ed.2d 99 (1989).

### I.

■ Plaintiffs first argue that Westinghouse's petition for removal was not filed timely. Defendants have thirty days after receipt of the initial pleading to seek removal. However, if the initial pleading fails to articulate the details of the claims made, the thirty day time period begins on the date the defendant receives "other paper" specifically indicating the nature of the claims and the potential for removal. 28 U.S.C. § 1446(b). The phrase "other paper" refers to "documents generated within the state court litigation." *Zbranek v. Hofheinz,* 727 F.Supp. 324, 326 (E.D.Tex.1989); *see Riggs v. Continental Baking Co.,* 678 F.Supp. 236, 238 (N.D.Cal. 1988) (removal must be specifically indicated in official papers); *Bonnell v. Seaboard A.L.R. Co.,* 202 F.Supp. 53, 55 (N.D.Fla. 1962); *see also Johansen v. Employee Benefit Claims, Inc.,* 668 F.Supp. 1294, 1296 (D.Minn.1987) ("other paper" refers "solely to documents generated within the state court litigation itself").

Plaintiffs added Westinghouse as a defendant on August 24, 1993 by serving it with a Short Form Amended Complaint that incorporated by reference the "Asbestos" Master Complaint. Although these complaints allege the plaintiffs were employed at unspecified worksites and were exposed to asbestos, only a guess by Westinghouse would have indicated the case was removable. *See Roberson v. Orkin Exterminating Co.,* 770 F.Supp. 1324, 1329 (N.D.Ind.1991) (the complaint did not apprise the defendants of the amount in controversy sufficiently to indicate removal was available); *Rollwitz v. Burlington Northern Railroad,* 507 F.Supp. 582, 586–87 (D.Mont.1981) (same). Plaintiffs contend that Westinghouse knew its turbine generators caused the plaintiffs' injuries when it responded to plaintiffs' Request for Admissions on September 13, 1993. However, Westinghouse was merely responding to broad discovery requests that were aimed at a typical member of the asbestos industry which Westinghouse is not. The requests did not indicate that certain products caused the injuries and that § 1442 relief was appropriate. *See Bonnell,* 202 F.Supp. at 54–55 (pre-trial demand letter coupled with testimony of plaintiff's physician was not sufficient to constitute notice that case was removable).

On September 17, 1993, the date plaintiffs served Westinghouse with the "Milestone Filing" on product identification, Westinghouse was informed that its steam turbine generators manufactured at the Baltimore Shipyards were the subject of the litigation. This "other paper" provided Westinghouse with sufficient information for it to determine that the turbines were made according to government specifications and that removal was available based on the government contractor defense under 28 U.S.C. § 1442(a)(1). *See Riggs,* 678 F.Supp. at 238 (removal under § 1446(b) was not indicated until plaintiff was deposed); *Smith v. International Harvester Co.,* 621 F.Supp. 1005, 1009 (D.Nev. 1985) (official Notice of Entry of Order of Dismissal indicated removal was available); *Brooks v. Solomon Co.,* 542 F.Supp. 1229, 1230 (N.D.Ala.1982) (answers given at a deposition indicated removal was available). Thus, Westinghouse's petition for removal filed on October 18, 1993, within thirty days of the "Milestone Filing," was timely.

## II.

Plaintiffs next argue that Westinghouse is not a "person" within the meaning of 28 U.S.C. § 1442(a)(1). The starting point in interpreting a statute is the plain language. *Andrus v. Allard,* 444 U.S. 51, 56, 100 S.Ct. 318, 322, 62 L.Ed.2d 210 (1979). Section 1442(a)(1) provides in pertinent part:

(a) A civil action ... commenced in a State court against any of the following persons may be removed by them to the district court of the United States ... embracing the place wherein it is pending:

(1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress ...

28 U.S.C. § 1442(a)(1). Where rules are drafted by a legislative body familiar with traditional legal concepts, one can reasonably assume that the word "person" is intended to indicate more than natural persons. *See e.g.,* 1 U.S.C. § 1 ("In determining the meaning of any Act of Congress, unless the context indicates otherwise ... the word[ ] 'person' ... include[s] corporations"); 5 U.S.C. § 551(2) (Administrative Procedure Act defines "person" as an "individual, partnership, corporation, association, or public or private organization other than an agency."); *see also Perrin v. United States,* 444 U.S. 37, 45, 48–49, 100 S.Ct. 311, 315, 317, 62 L.Ed.2d 199 (1979) (statute will ordinarily be viewed as using the common meaning of a word).

Although Federal district courts are divided on the question, the best reasoned opinions take a broad approach when defining "person" under § 1442. *Ryan v. Dow Chemical Co.,* 781 F.Supp. 934, 946 (E.D.N.Y.1992) (The court looked at the definition of a person "in light of the purpose of the section read as a whole," and found that a "purely legal person such as a corporation could be engaged in activities that amount to the implementation of a federal policy under the direction of a government officer" such that

state court suits against those corporations could inhibit federal policy.); *accord Fung v. Abex Corp.*, 816 F.Supp. 569, 572 (N.D.Cal. 1992); *Bahrs v. Hughes Aircraft Co.*, 795 F.Supp. 965, 968 (D.Ariz.1992) (same); *see Bakalis v. Crossland Sav. Bank*, 781 F.Supp. 140, 144 (E.D.N.Y.1991) (private corporation can be characterized as a "person" under § 1442(a)(1)). Thus, in accordance with the plain language and the purpose of the statute, Westinghouse can be characterized as a person under § 1442(a)(1) as a supplier, manufacturer and designer of turbine generators under the supervision of the Secretary of Navy or the United States Maritime Commission or their agents.

### III.

■■■ Plaintiffs next argue that Westinghouse has not shown it was "acting under" an officer of the United States by establishing that an official had "direct and detailed control" over its construction of the turbines. *Fung*, 816 F.Supp. at 572 *quoting, Ryan*, 781 F.Supp. at 947. "Direct control" is established by showing strong government intervention and the possibility that a defendant will be sued in state court as a result of the federal control. *Fung*, 816 F.Supp. at 572; *see Gulati v. Zuckerman*, 723 F.Supp. 353, 358 (E.D.Pa.1989).

Plaintiffs contend that this case is controlled by *Ryan, supra.* In *Ryan*, the court denied removal under § 1442(a)(1) of an action involving personal injuries allegedly caused by Agent Orange. The court concluded that the government did not control the designing and manufacturing of the product, and because it "sought only to buy ready-to-order herbicides" the necessary direct and detailed official control was lacking. *Ryan*, 781 F.Supp. at 950.

Unlike *Ryan*, the government here contracted with Westinghouse to build turbine generators under government specifications during the World War II period. Officers of the Navy and Maritime Commission had extensive control over the construction, design and testing of the turbines. Indeed, the government would specify and approve the type of asbestos cloth to be used when insulating valves and flanges. It monitored Westinghouse's performance and on occasion it returned drawings and specifications for revision. After installation of the turbines aboard a ship, the government performed sea trials, and reviewed and approved the results. Thus, Westinghouse has satisfied the "acting under" requirement of § 1442(a)(1).

### IV.

■■■ Plaintiffs also contend that Westinghouse has not demonstrated a colorable federal defense under § 1442(a)(1). Westinghouse does not need to show for the purposes of the removal that the defense is meritorious, but only whether there is a colorable claim to such a defense. *Mesa v. California*, 489 U.S. 121, 128–29, 109 S.Ct. 959, 964, 103 L.Ed.2d 99 (1989); *see Willingham v. Morgan*, 395 U.S. 402, 406–07, 89 S.Ct. 1813, 1816, 23 L.Ed.2d 396 (1969). Westinghouse filed an affidavit from the Manager of its Design Verification of the Marine Division. The affiant reviewed and examined contracts and memoranda between the government and Westinghouse related to the construction of turbine generators from 1943 to date. Westinghouse also submitted correspondence and memoranda from the Maritime Commission and the Merchant Marine Division for 1943–1945. This evidence shows Westinghouse manufactured turbine generators for Victory Ships according to military specifications beginning in 1943. Thus, it has raised a colorable federal defense for the purposes of § 1442(a)(1) and removal is appropriate under §§ 1441(a) and 1442(a)(1).

### CONCLUSION

These cases will be transferred to the Eastern District of Pennsylvania where all Federal Court asbestos personal injury actions have been consolidated in a single forum pursuant to 28 U.S.C. § 1407.

### ORDER

In accordance with the attached Memorandum it is this 17th day of December, 1993, by the United States District Court for the District of Maryland, ORDERED:

1. That Plaintiffs' Motion to Remand BE, and the same hereby IS, DENIED; and

2. That the Clerk of the Judicial Panel on Multidistrict Litigation be notified of the pendency of these actions pursuant to 28 U.S.C. § 1407.

3. That a copy of this Memorandum and Order be mailed to counsel for the parties.