**Herbert PACK, et al.,**

**v.**

**AC AND S, INC., et al.**

**Civ. Nos. 93–3011 to 93–3510
and 93–3520 to 93–3527.**

United States District Court,
D. Maryland.

March 8, 1994.

Peter G. Angelos, Theodore M. Flerlage, Jr., and Andrew M. Cantor, Baltimore, MD, for plaintiffs.

Thomas L. Crowe and Morton A. Sacks, Baltimore, MD, for defendant Westinghouse Elec. Corp.

Benjamin F. Davis and Gardner M. Duvall, Baltimore, MD, for defendants A C & S, Inc., Keene Corp. and Porter–Hayden.

Deborah L. Robinson, Towson, MD, for defendant John Crane–Houdaille, Inc.

Thomas F. McDonough and Keith R. Truffer, Towson, MD, for defendant Durabla Mfg. Co.

John B. Isbister, Baltimore, MD, for defendants Fibreboard Corp., Owens–Illinois Glass Co., Pittsburgh Corning Corp., and Eagle–Picher Industrices, Inc.

Keith L. Arnold, Baltimore, MD, for defendant Foster Wheeler Corp.

Robert P. Schlenger, Baltimore, MD, for defendants Harbison–Walker Refractories, M.H. Detrick Co., and Rock Wool Mfg. Co.

Allen H. Legum, Annapolis, MD, and Robert J. Lynott, Baltimore, MD, for defendants Hopeman Bros., Inc., Carey Canada, Inc., Celotex Corp., and A.W. Chesterton Co.

Robert D. Klein, Annapolis, MD, for defendants Intern. Minerals and Chemical Corp., Kaiser Aluminum, and Chemical Corp.

Charles G. Bernstein, Baltimore, MD, for defendant Anchor Packing Co.

David F. Albright, Sr., Baltimore, MD, for defendant Universal Refractories.

John J. Nagle, III, Towson, MD, for defendants Lloyd D. Mitchell, Inc. and McCormick Asbestos Co.

R. Karl Aumann and John P. Sweeney, Baltimore, MD, for defendants Owens–Corning Fiberglas Corp., and Corhart Refractories Co.

James P. Ulwick and Perry F. Sekus, Baltimore, MD, for defendant Ruberoid Co.

Sidney G. Leech, Baltimore, MD, for defendant Metropolitan Life Ins. Co.

Edward F. Houff, Baltimore, MD, for defendants A.P. Green Industries, Inc., Armstrong World Industries, Inc., H.K. Porter Co., Inc., Quigley Company, Inc., and Southern Textile Co.

## MEMORANDUM OPINION

JOSEPH H. YOUNG, Senior District Judge.

Plaintiffs move under Federal Rule Civil Procedure 60(b) and 28 U.S.C. 1447(c) for reconsideration of this Court's Order dated December 17, 1993 denying plaintiffs' motion to remand. *See Pack v. AC & S, Inc.*, 838 F.Supp. 1099 (D.Md.1993). On October 18, 1993, Westinghouse Electric Corporation ("Westinghouse"), a defendant in a number of consolidated cases pending in the Circuit Court for Baltimore City, removed 508 personal injury asbestos cases to this Court. Removal was predicated upon Westinghouse's contention that the plaintiffs asserted exposure to asbestos contained in marine turbines that were manufactured by Westinghouse under the direction of the United States Government. *See* 28 U.S.C. § 1442(a)(1).

On December 17, 1993, this Court denied plaintiffs' motion to remand concluding that Westinghouse's motion to remove was timely, that Westinghouse is a "person" under § 1442(a)(1) and that Westinghouse had demonstrated a colorable federal defense under § 1442(a)(1). *Pack*, 838 F.Supp. at 1101–103. This Court ordered that the cases be transferred to the Eastern District of Pennsylvania where all Federal Court asbestos personal injury actions have been consolidated in a single forum pursuant to 28 U.S.C. § 1407. *Id.* at 1103.

Plaintiffs do not specify which subdivision under Rule 60(b) they file this motion; however, they claim that the Order is based on "erroneous, incomplete and misleading information submitted by Westinghouse." It would appear from a simple reading of the rule that Rule 60(b)(3) is applicable.[1] Rule 60(b)(3) requires the moving party to establish that "a judgment was obtained by fraud, misrepresentation, or misconduct, and that the conduct complained of prevented the moving party from fully and fairly presenting the case." *In re M/V Peacock on Complaint of Edwards*, 809 F.2d 1403, 1404–405 (9th Cir.1987). The rule is "aimed at judgments which were unfairly obtained, not at those which are factually incorrect." *Id.* at 1405. The rule cannot be used to relitigate the merits of the case and the moving party has the burden of establishing material misrepre-

---

1. Rule 60(b)(3) provides:
   On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ... (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party ...
   Fed.R.Civ.P. 60(b)(3).

sentations by clear and convincing evidence. *Fleming v. New York Univ.*, 865 F.2d 478, 484–85 (2d Cir.1989).

Before this Court's prior Order, plaintiffs had a full opportunity to address Westinghouse's allegations in their legal memoranda in support of the motion for remand. Further, on February 25, 1994, an evidentiary hearing was held and no evidence was presented demonstrating that this Court was led to error in its prior ruling nor that the order was unfairly obtained.

■ Plaintiffs also argue that their motion for reconsideration should be granted under 28 U.S.C. § 1447(c).[2] Plaintiffs maintain that they did not allege injuries sustained from exposure to asbestos associated with Westinghouse marine turbines, that the federal contractor defense does not apply and removal under § 1442(a)(1) is inappropriate. However, despite several invitations by Westinghouse to voluntarily dismiss claims arising from alleged injuries sustained from marine turbines, plaintiffs refused. Plaintiffs cannot have it both ways: it is unreasonable to claim that the action should be remanded to state court because none of the plaintiffs' injuries resulted from exposure to Westinghouse marine turbines and to refuse to voluntarily dismiss such claims.

■ Despite this Court's decision on December 17, 1993 concluding that Westinghouse need not show for the purposes of removal that the federal contractor defense is meritorious, plaintiffs argue that Westinghouse has not met its burden under *Boyle v. United Technologies Corp.*, 487 U.S. 500, 108 S.Ct. 2510, 101 L.Ed.2d 442 (1988). In *Boyle*, the Court held that to prove the federal contractor defense, the defendant must show that

(1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not the United States.

*Id.* at 512, 108 S.Ct. at 2518. However, a defendant seeking removal of an action under § 1442(a)(1) does not need to prove the *Boyle* requirements. Instead, the defendant must raise a colorable claim to a federal law defense and establish that there is a causal connection between plaintiffs' claims and acts it performed under color of federal office. *Mesa v. California*, 489 U.S. 121, 124–25, 129–31, 134–35, 109 S.Ct. 959, 962–63, 964–66, 967–68, 103 L.Ed.2d 99 (1989). A defendant who satisfies these elements overcomes the well pleaded complaint rule and gains access to federal court where no federal question is presented by the plaintiff. *Id.* at 137, 109 S.Ct. at 969.

At this stage of the litigation, it would be unreasonable for this Court to insist upon a detailed analysis of the federal contractor defense and attempt to gauge the likelihood of success. As indicated in this Court's memorandum of December 17, 1993, at the very least, Westinghouse has raised a colorable claim to such a defense, the validity of which should be judged by federal standards in a federal district court. *See Willingham v. Morgan*, 395 U.S. 402, 406–07, 89 S.Ct. 1813, 1815–16, 23 L.Ed.2d 396 (1969). Thus, plaintiffs' undocumented allegations that Westinghouse cannot prove the government contractor defense should not preclude Westinghouse from raising the defense at trial in federal court.

Accordingly, it is this 8th day of March, 1994, by the United States District Court for the District of Maryland, ORDERED:

1. That the plaintiffs' motion for reconsideration BE, and the same IS, hereby DENIED; and

2. That a copy of this Order be forwarded to counsel for the parties.

---

**2.** 28 U.S.C. § 1447(c) provides:

If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.