**Elizabeth LOPEZ, et al., Plaintiffs,**

v.

**THREE RIVERS ELECTRIC COOPERATIVE, et al., Defendants.**

**No. 4:96CV31 CDP.**

United States District Court, E.D. Missouri, Eastern Division.

March 11, 1996.

**MEMORANDUM AND ORDER**

PERRY, District Judge.

This matter is before the Court on plaintiffs' motion to remand the case to the Circuit Court of St. Louis, Missouri. Because defendant is a "person" under 28 U.S.C. § 1442(a)(1), plaintiffs' motion will be denied.

## I. *Facts*

On July 31, 1994, an army CH–47D "Chinook" helicopter manufactured pursuant to an army contract by defendant Boeing Company was on a routine training flight when it flew into power lines over the Osage River, causing the aircraft to lose control and crash. All four crew members were killed as a result of the crash. Plaintiffs, who are the personal representatives and survivors of one of the deceased crew members, claim that defendant negligently designed, maintained, and manufactured the Chinook helicopter because it did not have a "wire strike protection system" designed to protect helicopters when they hit power lines.

Defendant removed the case to this Court pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a)(1). The gravamen of the dispute between the parties is whether defendant, as a corporation, can properly avail itself of this statute.

## II. *Discussion*

Plaintiffs' motion limits itself to the argument that because defendant corporation is not a "person" within the meaning of section 1442(a)(1), it cannot remove the case under the statute, and the Court will therefore address only this issue. 28 U.S.C. § 1442 states that:

(a) A civil action or criminal prosecution commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Any officer of the United States or any agency thereof, or person acting under him. . . .

The statute therefore permits removal by two classes of defendants: by any officer of the United States or any officer of any agency of the United States, and by a "person" acting under an officer. *See International Primate Protection League v. Adm'rs of Tulane Educ. Fund,* 500 U.S. 72, 79–80, 111 S.Ct. 1700, 1705–06, 114 L.Ed.2d 134 (1991) (holding that agencies of the United States cannot remove under section 1442(a)(1)). Furthermore, 1 U.S.C. § 1 states that "[i]n determining the meaning of any Act of Congress, unless the context indicates otherwise . . . the word[ ] 'person' . . . include[s] corporations. . . ." A plain reading of the statute shows that defendant corporation qualifies as a "person," and the Court finds no evidence that the context here "indicates otherwise." *See Good v. Armstrong World Indus., Inc.,* 914 F.Supp. 1125, 1127 (E.D.Pa.1996); *Anderson v. Avondale Indus., Inc.,* 1994 WL 679827, at *2 (E.D.La. Dec. 5, 1994); *Akin v. Big Three Indus., Inc.,* 851 F.Supp. 819, 822 (E.D.Tex.1994); *Pack v. AC & S, Inc.,* 838 F.Supp. 1099, 1102 (D.Md.1993). The Court does not agree with the reasoning to the contrary contained in *C.H. v. American Red Cross,* 684 F.Supp. 1018, 1023–24 (E.D.Mo. 1987).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand the case to the circuit court [# 14] is denied.