Penny JONES, et al., Plaintiff(s),

v.

**THREE RIVERS ELECTRIC COOPERATIVE, et al., Defendant(s).**

No. 4:96CV00030 GFG.

United States District Court, E.D. Missouri, Eastern Division.

March 25, 1996.

Lantz Welch, Timothy L. Brake, Kansas City, MO, Grant L. Davis, Lantz Welch, P.C., Kansas City, MO, for Penny Jones.

James J. Virtel, Armstrong and Teasdale, St. Louis, MO, Craig S. Johnson, Andereck and Evans, Jefferson City, MO, David P. Madden, Fisher and Patterson, Overland Park, KS, for Three Rivers Elec. Co-op and Walter Ryan.

Dan H. Ball, Bettina L. Joist, Thompson Coburn, St. Louis, MO, Kara M. Sacilotto, Perkins Coie, Washington, DC, Steven S. Bell, Perkins Coie, Seattle, WA, for Boeing Aerospace Operations, Inc., Boeing Helicopters Defense & Space Group and Boeing Defense.

### MEMORANDUM AND ORDER

GUNN, District Judge.

This matter is before the Court on plaintiffs' Motion to Remand. The allegations in this case are as follows. On July 31, 1994 an army helicopter crashed. All four crew members died. Plaintiffs filed suit in state court against defendants for claims arising out of the death of one crew member, Kenny E. Jones. One of the defendants, Boeing Company ("Boeing"), admits that it manufactured the helicopter pursuant to a defense contract with the federal government. Defendant Boeing removed pursuant to

§ 1442(a)(1). Plaintiffs have filed a motion to remand.

Section 1442(a)(1) provides that:

(a) A civil action or criminal prosecution commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Any officer of the United States or any agency thereof, or person acting under him.

28 U.S.C. § 1442(a)(2). Section 1442(a) is a "pure jurisdictional statute." *Mesa v. California*, 489 U.S. 121, 136, 109 S.Ct. 959, 968, 103 L.Ed.2d 99 (1989). The statute is designed to "overcome the rule that defenses based upon federal law cannot be the basis for federal jurisdiction, thus allowing federal officers to remove suits when they have alleged a federal defense." *Reding v. FDIC*, 942 F.2d 1254, 1258 n. 5 (8th Cir.1991) (citing *Mesa*, 489 U.S. at 136, 109 S.Ct. at 968).

■ A notice of removal must contain a short and plain statement of the grounds for removal. 28 U.S.C. § 1446(a). The notice must include the factual allegations necessary to support jurisdiction. A person removing under § 1442(a) must allege that she belongs to one of the classes entitled to invoke the statute and must assert a federal defense. *Mesa*, 489 U.S. at 139, 109 S.Ct. at 970. The statute permits removal by any officer of the United States or any officer of any agency of the United States, and by a "person acting under" an officer. *International Primate Protection League v. Administrators of Tulane Educ. Fund*, 500 U.S. 72, 79, 111 S.Ct. 1700, 1705, 114 L.Ed.2d 134 (1992).

■ In this case, Boeing has alleged in its Notice of Removal and its Answer that it is entitled to assert a government contractor defense. Plaintiffs allege that Boeing caused the death of Kenny E. Jones through its negligent design and manufacture of the helicopter. (Compl. at ¶¶ 15–30.) Boeing avers that it is not liable for any design defects because the government specified the design for the helicopter in a contract. (Answer at ¶¶ 41–42.) The Court finds that Boeing has asserted a colorable federal defense to plaintiffs' claims. *See generally Boyle v. United Technologies Corp.*, 487 U.S. 500, 108 S.Ct. 2510, 101 L.Ed.2d 442 (1988).

■ Boeing also alleges that it is a "person" within the meaning of § 1442(a)(1). Boeing contends that "person" includes corporations. Plaintiffs disagree and argue that "person" extends only to natural persons.

The Supreme Court has held that "person" does not include federal agencies. *International Primate*, 500 U.S. at 79–80, 111 S.Ct. at 1705–06. In *International Primate*, the Supreme Court reasoned that in its common usage "person" does not include the sovereign and that statutes using "person" are construed to exclude the sovereign. *Id.* at 82–83, 111 S.Ct. at 1706–07. The Court's rationale does not impact the issue before this Court.

Unless the context indicates otherwise, courts must interpret "person" in a federal statute to include corporations. 1 USC § 1. The context of § 1442(a)(1) does not indicate that "person" should be construed to exclude corporations. Therefore, the Court finds that "person" as used in the statute encompasses corporations. *Lopez v. Three Rivers Elec. Coop.*, 166 F.R.D. 411, 412 (E.D.Mo. 1996); *Good v. Armstrong World Indus., Inc.*, 914 F.Supp. 1125, 1127 (E.D.Pa.1996); *Anderson v. Avondale Indus., Inc.*, No. 94–3021, 1994 WL 679827, at *2 (E.D.La. Dec. 5, 1994); *Akin v. Big Three Indus., Inc.*, 851 F.Supp. 819, 822 (E.D.Tex.1994); *Pack v. AC & S, Inc.*, 838 F.Supp. 1099, 1102 (D.Md. 1993); *but see C.H. v. American Red Cross*, 684 F.Supp. 1018, 1023–24 (E.D.Mo.1987) (term "person" in § 1442(a)(1) only applies to natural persons).

■ In their Motion to Remand, plaintiffs raise only the issue of how to interpret "person." Plaintiffs' failure to raise additional issues does not preclude this Court from addressing *sua sponte* whether defendant Boeing has met its burden of showing that this Court has jurisdiction. *Bor–Son Bldg. Corp. v. Heller*, 572 F.2d 174, 181 n. 13 (8th Cir.1978).

Under the plain language of § 1442(a)(1), only a "person acting under *him*," that is, an

officer of the United States or an officer of a federal agency, can remove pursuant to the statute. Boeing alleges in its Notice of Removal that it was " 'acting under' an officer *or agency* of the United States." (Notice of Removal at 3) (emphasis added). That allegation is insufficient.

The Court will grant defendant Boeing leave to amend its Notice of Removal to include the proper allegation. 28 U.S.C. § 1653. The Court will deny plaintiffs' Motion to Remand at this time. If Boeing fails to amend its Notice of Removal as ordered, then the Court will vacate its denial of plaintiffs' Motion to Remand and remand this case to state court. Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' Motion to Remand (Doc. No. 15) is denied.

**IT IS FURTHER ORDERED** that on or before April 12, 1996 defendant Boeing Company may file an amended Notice of Removal which shall include allegations that Boeing Company was "acting under" an officer of the United States or an officer of a federal agency.