**Frances F. BAHRS, et al., Plaintiffs,**

**v.**

**HUGHES AIRCRAFT COMPANY, et al., Defendants.**

**GENERAL DYNAMICS CORPORATION, Defendant/Third Party Plaintiff,**

**v.**

**UNITED STATES of America, Third Party Defendant.**

**No. CIV 92–097.**

United States District Court, D. Arizona.

June 29, 1992.

Amended Order July 2, 1992.

John G. Stompoly, Mary Judge Ryan, Stompoly & Stroud P.C., Tucson, Ariz., Arnold Levin, Levin Fishbein Sedran & Berman, Philadelphia, Pa., for plaintiffs.

Michael J. Meehan, Molloy Jones & Donahue PC, Tucson, Ariz., Bruce A. Featherstone, Kirkland & Ellis, Denver, Colo., for defendants.

David Charles Anson, DeConcini McDonald Brammer, Yetwin & Lacy P.C., Tucson, Ariz., Herbert L. Fenster, McKenna & Cuneo, Washington, D.C., Halfred Martin Hofherr, Lyle O. Reinsch, General Dynamics Corp., Convair Div., San Diego,

Cal., for General Dynamics Corp., defendant/third-party plaintiff.

David Alwin Paige, Snell & Wilmer, Tucson, Ariz., James F. Murphy, John W. Adler, Adler Kaplan & Begy, Chicago, Ill., for Tucson Airport Authority, defendant.

Edward G. Hochuli, Kevin David Neal, Jones Skelton & Hochuli, Phoenix, Ariz., for McDonnell Douglas Corp., defendant.

Stephen M. Weiss, Karp Stolkin & Weiss, PC, Tucson, Ariz., for Robert E. Morrison, defendant.

Don B. Overall, U.S. Atty., Tucson, Ariz., JoAnn J. Bordeaux, U.S. Dept. of Justice, Washington, D.C., for U.S.

### ORDER

ROLL, District Judge.

## ON MOTION FOR RECONSIDERATION

Pending before the Court is defendant General Dynamics' motion to reconsider and/or certification.

### OPINION AND ORDER

I. *Motion for reconsideration.*

 Defendant General Dynamics moves the Court to reconsider its decision granting plaintiffs' motion to remand. A motion to reconsider must provide a valid ground for reconsideration by showing two things. First, it must demonstrate some valid reason why the Court should reconsider its prior decision. Second, it must set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision.

Courts have advanced three major grounds justifying reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See All Hawaii Tours, Corp. v. Polynesian Cultural Ctr.*, 116 F.R.D. 645, 648–49 (D.Haw.1987).

After reviewing the pleadings and record before it, the Court declines to reverse itself. Defendant's motion to reconsider is DENIED.

II. *Motion for certification of decision for appeal.*

Defendant alternatively moves for certification of decision for appeal pursuant to 28 U.S.C. § 1292(b). Defendant argues that there are substantial grounds for a difference of opinion as to the amount of control necessary to fulfill the standards specified for removal jurisdiction. Even assuming the appropriate standard is less stringent than the one this Court applied, defendant's evidentiary submission fails to meet any of the articulated tests. Therefore, the Court finds that there is no need to waste additional time and money litigating this issue. Defendant's motion for certification for appeal is DENIED.

III. *Conclusion.*

Accordingly, IT IS ORDERED that:

1) defendant's motion to reconsider is DENIED;

2) defendant's motion to lift stay as against third party defendant United States of America is DENIED;

3) defendant's motion for certification of decision for appeal is DENIED;

4) plaintiffs' motion to remand is GRANTED and the stay in this matter is LIFTED.

### AMENDED ORDER AND OPINION

Plaintiffs moved to remand this class action to Pima County Superior Court. On May 20, 1992, this Court issued an order granting plaintiffs' motion. That order indicated that an opinion explaining the reasons for the granting of the motion would follow. This is that opinion.

### FACTS

Plaintiffs are members of a class who allegedly sustained injuries as a result of the dumping of toxic substances, including TCE, into the ground, thereby polluting plaintiffs' water supply. One of the defendants is General Dynamics. General Dynamics is the successor in interest to Consolidated Aircraft Corporation, an aerospace company doing defense work under contract to the United States War Depart-

ment from 1942–1944. General Dynamics sought removal to Federal Court based upon 28 U.S.C. § 1442(a)(1). General Dynamics filed a notice of removal pursuant to 28 § 1446(a). Plaintiffs then filed a motion to remand the matter to superior court.

## LEGAL STANDARDS

The burden of establishing federal jurisdiction is upon the party seeking removal. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921). The removal statute is strictly construed against removal jurisdiction. *Salveson v. Western States Bankcard Ass'n.*, 731 F.2d 1423, 1426 (9th Cir. 1984). A trial conducted in federal court following erroneous removal is a nullity. *Miller v. Leavenworth–Jefferson Electric Cooperative, Inc.*, 653 F.2d 1378 (10th Cir. 1981).[1]

## REMOVAL

Plaintiffs object to General Dynamics' removal petition on the ground that it has not met the requirements specified by the removal statute. 28 U.S.C. § 1442(a)(1) provides, inter alia, for removal of a civil action filed in state court against "any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office or on account of any right, title or authority claimed...."

In order to obtain removal, certain prerequisites must be met:

(1) The defendant must have been acting at the direction of "any officer of the United States or any agency thereof";

(2) The defendant acting at the direction of such officer must be a "person" as envisioned by the statute;

(3) The defendant engaging in conduct must do so "acting under" the direction of an officer of the United States or an agency thereof; and,

(4) The defendant must have a colorable federal defense. *See* 28 U.S.C. § 1442(a)(1); *Mesa v. California*, 489 U.S. 121, 109 S.Ct. 959, 103 L.Ed.2d 99 (1989).

## DISCUSSION

1. *Amendment of Notice of Removal— Federal Officer Requirement.*

Initially the Court notes that General Dynamics seeks leave to amend its pleadings. Its notice of removal asserts that its predecessor's actions were based upon a contract entered into with the United States War Department. The federal officer removal statute does not apply to persons acting under an agency, but to persons acting under an officer of the United States or agency thereof. *International Primate Protection League v. Administrators of Tulane Educ. Fund*, —— U.S. ——, 111 S.Ct. 1700, 114 L.Ed.2d 134 (1991). General Dynamics now seeks to amend its notice of removal in order to allege that it was acting under the authority of the Secretary of War.

Amendment after the time for removal has expired is improper unless such amendment is required merely to correct matters of form or technical defects. *Barrow Development Co. v. Fulton Ins. Co.*, 418 F.2d 316 (9th Cir.1969). Substantial liberality is permitted in amendments to cure defects in form. *National Audubon Society v. Department of Water*, 496 F.Supp. 499, 503 (E.D.Ca.1980). Although amendment would be proper under these circumstances, this issue is not dispositive of the case.

2. *Whether General Dynamics is a Person for Purposes of 28 U.S.C. § 1442(a)(1).*

General Dynamics must next prove that it is a "person" permitted to invoke

---

1. Although a district court's decision to remand a case for lack of subject matter jurisdiction is not appealable, a party may seek review of an otherwise unappealable order through the certification procedure. 28 U.S.C. § 1447(d) ("[a]n order remanding a case to the State court from it was removed is not reviewable on appeal or otherwise...."); *Pelleport Investors v. Budco Quality Theatres*, 741 F.2d 273 (9th Cir.1984). *See also* 28 U.S.C. § 1292(b).

§ 1442(a)(1). Plaintiffs maintain that the statutory reference to "person" is limited to natural persons. The text is susceptible to more than one meaning. In support of its position, Bahrs cites numerous authorities from a variety of jurisdictions. *See, e.g., Roche v. American Red Cross,* 680 F.Supp. 449 (D.Mass.1988); *Gensplit Finance Corp. v. Foreign Credit Ins. Ass'n.,* 616 F.Supp. 1504 (E.D.Wis.1985); *Lowe v. Norfolk & W. Ry. Co.,* 529 F.Supp. 491 (S.D.Ill.1982). However, a number of courts have come to the opposite conclusion. *See, e.g., Bakalis v. Crossland Savings Bank,* 781 F.Supp. 140 (E.D.N.Y. 1991); *Ryan v. Dow Chemical Co.,* 781 F.Supp. 934 (E.D.N.Y.1992). Contrary to plaintiffs' assertion, however, *International Primate Protection League v. Administrators of Tulane Educational Fund,* —— U.S. ——, 111 S.Ct. 1700, 114 L.Ed.2d 134 (1991), did not decide whether a corporation could be a person for purposes of the removal statute. Although the Supreme Court held that the phrase "person acting under" was not meant to include government agencies, it did not address whether a corporation could be considered a person.

 The most engaging discussion of the controversy was put forth in *Ryan.* There, Judge Weinstein observed that the word "person" should be defined in a manner that it congruous with "the purpose of the section read as a whole." *Ryan,* 781 F.Supp. at 946. The court found that because a corporation could be involved in activities that amounted to implementation of federal policy, Dow Chemical was entitled to remove under § 1442. This Court finds the reasoning of the *Ryan* court to be persuasive. When applied to the facts of this case, General Dynamics should be deemed a person.

3. *Court-imposed requirement that defendant be able to assert a colorable federal defense.*

 Proper removal under § 1442(a)(1) requires the defendant to raise a colorable defense under federal law. *Mesa v. California,* 489 U.S. 121, 109 S.Ct. 959, 103 L.Ed.2d 99 (1989). The question is not whether a defendant's claimed defense is meritorious, but only whether a colorable claim to such a defense has been made. *Id.* at 128, 109 S.Ct. at 964. General Dynamics asserts that it is entitled to avail itself of the immunity of the United States.

Plaintiffs maintain that General Dynamics cannot assert a colorable defense because there is no nexus between the complained-of acts and the defense raised. This analysis confuses the requirement of a causal connection with the necessity of a colorable defense. In *Mesa,* the Supreme Court warned that "we do not understand the causal connection test ... to have eliminated the general requirement that federal officer removal be predicated on the existence of a federal defense." *Mesa,* 489 U.S. at 128, 109 S.Ct. at 964.

Official immunity is a colorable federal defense. The Supreme Court has stated that "one of the most important reasons for removal is to have the validity of the defense of official immunity tried in a federal court." *Willingham v. Morgan,* 395 U.S. 402, 407, 89 S.Ct. 1813, 1816, 23 L.Ed.2d 396 (1969). General Dynamics has asserted a colorable federal defense.

4. *The "Acting Under" Requirement—Nexus.*

 The dispositive issue as to whether removal is appropriate is whether General Dynamics has demonstrated that it was "acting under" an officer of the United States. To prevail, General Dynamics must prove the existence of a nexus between actions for which it is being sued and the activities of the federal official. *Gulati v. Zuckerman,* 723 F.Supp. 353, 358 (E.D.Pa.1989). The critical analysis is "to what extent defendants acted under federal direction" at the time they were engaged in conduct now being sued upon. *Gurda Farms, Inc. v. Monroe County Legal Assistance Corp.,* 358 F.Supp. 841, 844 (S.D.N.Y.1973). Most courts which have addressed this issue require "direct and detailed control" by the federal official over the defendant. *Ryan,* 781 F.Supp. at 950; *Gulati,* 723 F.Supp. at 353.

**970**

General Dynamics attempts to meet this requirement by relying upon the contract entered into by Consolidated Aircraft Corporation and the United States War Department. General Dynamics has made no showing as to the manner in which the contract was carried out. While the government officials were undoubtedly most interested in the production of war materials, the record before this Court does not demonstrate the government's necessary control over the method of waste disposal. The mere fact that the government possessed the power to exercise control over the project does not establish that the power was in fact ever exercised.

### CONCLUSION

General Dynamics has successfully addressed the first, second, and fourth removal requirements. It has failed, however, to carry its burden of proof that it was "acting under" a federal officer. General Dynamics has not established that the Secretary of War exercised direct and detailed control over Consolidated Aircraft Corporation's alleged disposal of pollutants into plaintiffs' water supply.

Accordingly, IT IS ORDERED that plaintiffs' motion to remand is GRANTED.