MOTOROLA, INC., a Delaware corporation; and Royal Indemnity Company, a Delaware corporation, as subrogee of Motorola, Inc., Plaintiffs,

v.

J.B. RODGERS MECHANICAL CONTRACTORS, INC., an Arizona corporation; and Kinetic Systems, Inc., a California corporation, individually and/or collectively dba J.B. Rodgers/Kinetics Mechanical Contractors, Inc., Defendants.

No. CV 01–459–PHX–JAT.

United States District Court,
D. Arizona.

June 18, 2003.

---

Dean Miles Fink, Randall Papetti, Lewis & Roca LLP, Phoenix, AZ, June K. Ghezzi, Lisa Kupits, Chicago, IL, for plaintiffs.

1. Because this Court's order of October 3, 2002, did not "end[] the litigation on the merits and leave[] nothing for the court to do but execute the judgment," the challenged order is not a final judgment or appealable interlocutory order.

Donald R. Wilson, Scott Brian Humble, Struckmeyer & Wilson, Phoenix, AZ, for defendants.

## ORDER

TEILBORG, District Judge.

Pending before the Court is Plaintiffs' Motorola, Inc. and Royal Indemnity Company's Motion for Reconsideration Re: October 3, 2002 Discovery Order (Doc. # 84). For the reasons set forth below, the Court will deny the Motion.

### Background

At an October 3, 2002 hearing regarding discovery disputes, the Court ordered Plaintiffs to produce a report prepared by Jack Peterson (Doc. # 82). On the last day allowed for producing the report, October 11, 2002, Plaintiffs filed the pending Motion for Reconsideration. At the Court's request, Defendants filed a Response on December 5, 2002 (Doc. # 94). No Reply was requested by the Court or filed by Plaintiffs.

### Discussion

#### I. LEGAL STANDARD

The Court has discretion to reconsider and vacate a prior order. *Barber v. Hawaii,* 42 F.3d 1185, 1198 (9th Cir.1994); *United States v. Nutri–cology, Inc.,* 982 F.2d 394, 396 (9th Cir.1992). Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs. *Northwest Acceptance Corp. v. Lynnwood Equip., Inc.,* 841 F.2d 918, 925–26 (9th Cir. 1988). Nor is reconsideration to be used to ask the Court to rethink what it has already thought. *See United States v. Rezzonico,* 32 F.Supp.2d 1112, 1116 (D.Ariz.1998) (citing *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D.Va.1983)).

Although Plaintiffs do not cite a specific section of the Federal Rules of Civil Procedure, Plaintiffs cannot rely on Fed. R.Civ.P. 59(e) or 60(b).[1] Presumably, Plain-

*Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945). Thus, Plaintiffs cannot avail themselves of Fed.R.Civ.P. 59(e) or 60(b) which only apply to reconsideration of "final judgments and appealable interlocutory or-

tiffs seek reconsideration under either: (i) Fed.R.Civ.P. 54(b), which allows courts to revise "any order or other form of decision, however designated, which adjudicates fewer than all the claims or the right and liabilities of fewer than all the parties ... before the entry of judgment ..."; or (ii) the Court's inherent common-law authority "to rescind an interlocutory order over which it has jurisdiction ...." *Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 887 (9th Cir.2001). While the common law and Rule 54(b) may provide distinct sources for this Court's authority to reconsider its rulings, it appears that the approach should be the same under both. *Cf. Souza v. Ashcroft*, 2001 WL 823816, *3 n. 2, 2001 U.S. Dist. LEXIS 10219, *9 n. 2 (N.D.Cal.2001) (treating both sources as providing equivalent basis for reconsidering an interlocutory order).

Thus, it is necessary to determine what standard this Court should apply in reconsidering its interlocutory orders. District of Arizona Local Rule 1.10(p) provides, in pertinent part, that no "response to a motion for reconsideration or clarification shall be filed unless ordered by the Court. If the Court is inclined to grant a motion for reconsideration, or otherwise desires a response before ruling, it shall order opposing counsel to respond." The District of Arizona Local Rules do not establish a standard for reviewing motions for reconsideration, but at least two cases decided in the District of Arizona have posited a standard for review.

Plaintiffs cite to one of those cases, *Qureshi v. IRS*, 1994 WL 447166, *2, 1994 U.S. Dist. LEXIS 9124, *4 (D.Ariz.1994), for the proposition that reconsideration is appropriate "when it is necessary to correct a manifest error of law or fact." (Doc. # 84 at 2.) While Plaintiffs have accurately described a statement in *Qureshi*, they neglect to set forth the actual standard for review described in the next paragraph of that opinion:

ders." *Balla v. Idaho State Bd. of Corrections*, 869 F.2d 461, 466–67 (9th Cir.1989).

**2.** This Court has previously evaluated a motion for reconsideration of an interlocutory order using the *Saini* standard. *See PAC–FAB, Inc. v. Sunline International USA*, CIV–00–963–PHX–

A workable standard regarding the granting of motions to reconsider was expressed as follows in *Bahrs v. Hughes Aircraft Co.*, 795 F.Supp. 965, 967 (D.Ariz.1992): 'A motion to reconsider must provide a valid ground for reconsideration by showing two things. First, it must demonstrate some valid reason why the Court should reconsider its prior decision. Second, it must set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision.'

*Qureshi*, 1994 WL 447166 at *2, 1994 U.S. Dist. LEXIS 9124 at *4–5.

In a later case, *Saini v. Immigration and Naturalization Service*, 64 F.Supp.2d 923, 925 (D.Ariz.1999), another Arizona District Court judge adopted the standard for reconsideration set forth in *Above the Belt, Inc.*, 99 F.R.D. at 101. The *Saini* court stated that a motion for reconsideration should be granted only if "(1) the Court has patently misunderstood a party; (2) the Court has made a decision outside the adversarial issues presented to it; (3) the Court has made an error not of reasoning but of apprehension; or (4) where there has been a controlling or significant change in the law or facts since the submission of the issue to the Court." 64 F.Supp.2d at 925.[2]

Although both *Saini* and *Qureshi* are persuasive, the Court is also informed by the standards employed by other District Courts. While the District of Arizona has not promulgated a local rule regarding the standard for reconsideration, many of the United States District Courts in the Ninth Circuit have adopted such rules.

#### A. Local Rules from the District Courts of the Ninth Circuit:

*District of Hawaii.* The District of Hawaii has adopted a local rule that establishes the following three-part test for reconsideration of interlocutory orders:

JAT at 1–2 (D.Ariz. July 11, 2002) (order denying reconsideration). For the reasons set forth below, however, the Court declines to continue to employ the *Saini* standard for reconsideration of interlocutory orders.

Motions for reconsideration of interlocutory orders may be brought only upon the following grounds:

(a) Discovery of new material facts not previously available;

(b) Intervening change in law;

(c) Manifest error of law or fact.

Dist. Haw. L.R. 60.1 (December 1, 2002); *see also Kenney v. Paderes,* 2002 WL 31863882, *1 n. 1, 2002 U.S. Dist. LEXIS 23819, *3 n. 1 (D.Haw.2002).

*Central District of California.* The local rule for the Central District of California provides a standard similar to District of Hawaii's, with two notable exceptions. First, the third prong of the analysis is limited to errors of fact. Second, no motion for reconsideration can urge an argument that has been already advanced to the court.

L.R. 7–18 Motion for Reconsideration. A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

Cent. Dist. Cal. L.R. 7–18 (October 2001).

*Northern District of California.* The Northern District of California has adopted a local rule that requires leave of the court before filing a motion for reconsideration, and prohibits motions for reconsideration that repeat arguments already presented to the court. While the standard of review mirrors that of the District of Hawaii and the Central District of California, it expands on significant aspects of those rules:

7–9. Motion for Reconsideration.

(a) Leave of Court Requirement. Before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order made by that Judge on any ground set forth in Civil L.R. 7–9(b). No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion.

(b) Form and Content of Motion for Leave. A motion for leave to file a motion for reconsideration must be made in accordance with the requirements of Civil L.R. 7–9. The moving party must specifically show:

(1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

(2) The emergence of new material facts or a change of law occurring after the time of such order; or

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

(c) Prohibition Against Repetition of Argument. No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered. Any party who violates this restriction shall be subject to appropriate sanctions.

(d) Determination of Motion. Unless otherwise ordered by the assigned Judge, no response need be filed and no hearing will be held concerning a motion for leave to file a motion to reconsider. If the judge decides to order the filing of additional papers or that the matter warrants a hear-

ing, the judge will fix an appropriate schedule.

N. Dist. Cal. L.R. 7–9 (Feb.2003).

*Eastern District of California.* The local rule for the Eastern District of California provides that the burden is on the movant to show "new or different facts or circumstances" and to explain why those facts or circumstances were not previously submitted to the Court.

(k) Applications for Reconsideration. Whenever any motion has been granted or denied in whole or in part, and a subsequent motion for reconsideration is made upon the same or any alleged different set of facts, it shall be the duty of counsel to present to the Judge or Magistrate Judge to whom such subsequent motion is made an affidavit or brief, as appropriate, setting forth the material facts and circumstances surrounding each motion for which reconsideration is sought, including:

(1) when and to what Judge or Magistrate Judge the prior motion was made,

(2) what ruling, decision or order was made thereon,

(3) what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion, and

(4) why the facts or circumstances were not shown at the time of the prior motion.

E. Dist. Cal. L.R. 78–230(k) (May 8, 2002).

*Southern District of California.* The local rules for the Southern District of California are substantially similar to those for the Eastern District of California. *See* S. Dist. Cal. L.R. 7.1(i).

*Western District of Washington.* The local rules for the Western District of Washington provide as follows:

(h) Motions for Reconsideration.

(1) Standard. Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

W. Dist. Wash. L.R. 7(h) (January 2002).

*District of Guam.* Finally, the District of Guam has also adopted a local rule that adopts a three-part standard of review that limits reconsideration to facts and law that were not considered in the original ruling:

(i) Motion for Reconsideration. A motion for reconsideration of the decision on any motion may be made only on the grounds of

(1) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or,

(2) the emergence of new material facts or a change of law occurring after the time of such decision, or,

(3) a manifest showing of a failure to consider material facts presented to the Court before such decision.

No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

Dist. Guam L.R. 7.1(i) (September 29, 2000).[3]

**B.** *Common Standards in the Various Local Rules:*

The local rules adopted by the various District Courts are not identical, but they provide enough similarities for this Court to adduce common approaches to evaluating motions for reconsideration.

*New Facts:* All of the local rules allow reconsideration based on new material facts that were not previously known. Most of the rules require that the movant show either that: (i) the facts arose after the original order; or (ii) the facts were not known and could not have been known through reasonable diligence at the time that the original decision. *E.g.,* Cent. Dist. Cal. L.R. 7–18(a);

**3.** The local rules of the District of Alaska address motions for reconsideration solely from a procedural viewpoint, and do not provide a standard for review. *See* Dist. Alaska L.R. 59.1 (May 2003).

N. Dist. Cal. L.R. 7–9(b)(1); W. Dist. Wash. L.R. 7(h)(1).

*Change in Law:* Similarly, almost all of the local rules allow reconsideration based on an intervening change in the law. *E.g.* Dist. Guam L.R. 7.1(i)(2); Dist. Haw. L.R. 60.1(b); Cent. Dist. Cal. L.R. 7–18(b); N. Dist. Cal. L.R. 7–9(b)(2).

*Failure to consider arguments:* One of the local rules allows reconsideration where there was a "manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court." N. Dist. Cal. L.R. 7–9(b)(3). It is more common, however, to allow reconsideration solely when the court has failed to consider factual, as opposed to legal, arguments. *See* Cent. Dist. Cal. L.R. 7–18(c); Dist. Guam L.R. 7.1(i)(3).

*Repeated Arguments:* Almost all of the local rules prohibit motions for reconsideration based on arguments already presented to and rejected by the court. *See* Cent. Dist. Cal. L.R. 7–18 ("No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion."); N. Dist. Cal. L.R. 7–9(c) ("No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order . . . ."); Dist. Guam L.R. 7.1(i) ("No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.").

*Manifest Error:* Only two Districts allow reconsideration in the case of "manifest error." *See* Dist. of Haw. L.R. 60.1(c); W. Dist. Wash. L.R. 7(h)(1).

■ In light of the foregoing, the Court concludes that the standard adopted by the Central District of California captures the most common elements of the various local rules. The Court also finds that the Central District of California's standard best balances the competing interests of judicial accuracy and judicial economy. Accordingly, this Court adopts the following standards on which motions for reconsideration will be granted:

(1) There are material differences in fact or law from that presented to the Court and, at the time of the Court's decision, the party moving for reconsideration could not have known of the factual or legal differences through reasonable diligence;

(2) There are new material facts that happened *after* the Court's decision;

(3) There has been a change in the law that was decided or enacted *after* the Court's decision; or

(4) The movant makes a convincing showing that the Court failed to consider material facts that were presented to the Court before the Court's decision.

No motion for reconsideration shall repeat in any manner any oral or written argument made in support of or in opposition to the original motion.

## II. ANALYSIS

■ Plaintiffs urge reconsideration on the grounds that the report prepared by Jack Peterson is protected by the work-product/trial preparation material doctrines. (Doc. # 84 at 3–4.) However, Plaintiffs specifically argued this same point in the Scheduling Conference Memorandum (Doc. # 83 at 4–5) and in oral argument before this Court (Doc. # 82). Moreover, Plaintiffs have not shown material differences in fact or law that were not and could not have been presented to the Court prior to its decision. Nor do Plaintiffs allege new facts, an intervening change in the law, or that the Court failed to consider facts that were before it. Accordingly, Plaintiffs' Motion for Reconsideration will be denied.

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiffs' Motorola, Inc. and Royal Indemnity Company's Motion for Reconsideration Re: October 3, 2002 Discovery Order (Doc. # 84) is **DENIED**.