**NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION, Plaintiff,**

v.

**EXXON MOBIL CORP., Defendant.**

**No. CIV.A. 04CV4897DMC.**

United States District Court,
D. New Jersey.

March 24, 2005.

Richard Francis Engel, Trenton, NJ, for Plaintiff.

Marc A. Rollo, Archer & Greiner, Haddonfield, NJ, for Defendant.

## OPINION

CAVANAUGH, District Judge.

This matter comes before the Court upon motion by Plaintiff New Jersey Department of Environmental Protection ("NJDEP") for remand of the above-captioned action to the New Jersey Superior Court, Law Division. Oral argument was heard by the Court on March 22, 2005.[1] After carefully considering the submissions and arguments of all parties, it is the finding of this Court that NJDEP's motion is granted.

## I. *BACKGROUND*

NJDEP brought this action in state court[2] against Defendant Exxon Mobil Corp. ("Defendant") for violations of the New Jersey Spill Compensation and Con-

---

1. The Court made its ruling on the record immediately following oral argument on March 22, 2005. However, in light of the intricacy of the issues before it, the Court subsequently determined to file this Opinion clarifying the bases for its decision to remand. The Court's findings of fact and analysis of legal arguments remain the same and thus this Opinion is substantially identical to the ruling of the Court on the record at oral argument.

2. NJDEP originally filed two suits against Defendant in New Jersey Superior Court, Law Division, Hudson County and New Jersey Superior Court, Law Division, Union County. Defendant removed both cases to federal court on October 6, 2004, where they were docketed as Civil Action Nos. 04–4897 and 04–4898. Magistrate Judge Mark Falk ordered the actions be consolidated into one on December 16, 2004.

trol Act ("Spill Act"), N.J.S.A. 58:10–23.11 to –23.24. NJDEP seeks cleanup and removal costs, as well as damages for injuries to natural resources of the State of New Jersey allegedly caused by discharges at Defendant's property in Bayonne and Linden, New Jersey.[3]

■ Defendant filed a notice of removal in state court, contending that removal is proper pursuant to 28 U.S.C. § 1442(a)(1),[4] which directs that an action in state court brought against an officer, or person acting under that officer, of the United States or an agency thereof, for any act under color of such office may be removed to federal court. Defendant alleges that certain of its production activities during World War II were at the behest of and under the control of the federal government, and these activities resulted in the disposal of products included in the conduct alleged against it by NJDEP. Defendant also contends that removal is appropriate under 28 U.S.C. § 1441(a), which permits a defendant to remove any civil action from state court if the federal courts would have had original jurisdiction under 28 U.S.C. § 1331 (federal question jurisdictional statute). Defendant maintains that the claims of harm to New Jersey surface waters and coastal wetlands asserted by NJDEP fall under federal admiralty and/or federal enclave jurisdiction. NJDEP disputes both points and seeks remand the action back to New Jersey Superior Court.

3. Defendant refers to these properties as the Jersey Works.

4. Section 1442 represents an exception to the general rule that removal of an action is governed by the claims asserted in the plaintiff's well-pleaded complaint. 14C Wright, Miller, & Cooper, Federal Practice and Procedure: Jurisdiction 3d § 3727 (1998). This is due to the fact that federal officer removal "operates

## II. DISCUSSION

### A. Motion to Remand

#### 1. Timeliness

■ Any motion to remand a case to state court on the basis of a defect in removal procedure must be made within thirty days of filing of the notice of removal. 28 U.S.C. § 1447(c). A motion to remand on the basis that the district court lacks subject matter jurisdiction may be made at any time. *Id.* NJDEP filed its motion to remand on November 8, 2005, thirty-three days after filing of the notice of removal.

Here, Defendant argues that NJDEP's motion is untimely as it was not made within thirty days of the filing of notice of removal, and NJDEP has waived any objection to defects in removal procedure. Defendant contends that, in any event, this Court has subject matter jurisdiction sufficient to survive a motion to remand, because the action could originally have been brought here under admiralty or enclave jurisdiction. NJDEP argues that because it received notice of removal by mail, its motion was timely under Federal Rule of Civil Procedure 6(e), which provides for an additional three days "whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party" and service is accomplished through mail. Defendant disputes that Rule 6(e) is applicable to the filing of a notice of removal pursuant to 28 U.S.C. § 1447(c).

on the basis of issues generally thought to be defensive in character rather than on the content of the plaintiff's claim." *Id.* A defendant who is able to meet the requirements for removal under § 1442(a)(1) "gain[s] access to federal court [even] where no federal question is presented by the plaintiff." *Ryan v. Dow Chemical Co.,* 781 F.Supp. 934, 939 (E.D.N.Y. 1992).

The Third Circuit has not yet ruled specifically whether Rule 6(e) applies to a motion to remand where notice of removal was served by mail. Defendant directs the Court to a handful of cases outside this Circuit which hold Rule 6(e) is not applicable to a remand motion, *see e.g., Pavone v. Mississippi Riverboat Amusement Corp.*, 52 F.3d 560 (5th Cir.1995) ("Rule 6(e) does not extend the thirty-day period of § 1447(c), as that rule applies only when a party is required to act within a prescribed period after *service*, not after *filing* ") (emphasis in original), as well as a number of Third Circuit cases holding Rule 6(e) inapplicable in different circumstances. *See, e.g., Sea–Land Svc., Inc. v. Barry*, 41 F.3d 903, 908 (3d Cir.1994) (Rule 6(e) does not apply to allow employer an additional three days for delivery of check to claimant); *Mosel v. Hills Dep't Store, Inc.*, 789 F.2d 251, 253 (3d Cir.1986) (Rule 6(e) did not apply to extend 90–day period following receipt of right-to-sue letter from Equal Employment Opportunity Commission within which employee was required to file employment discrimination complaint).

■ Only two cases within this Circuit directly on point have been brought to the Court's attention, *In re: Diet Drugs Products Liability*, 2004 WL 2062894 (E.D.Pa. Sept.15, 2004) (following *Pavone* without further analysis and holding Rule 6(e) does not apply to extend the thirty days provided by § 1447(c)) and *McPherson v. Peelle Co.*, 1995 WL 56600 (E.D.Pa. Feb.6, 1995) (holding Rule 6(e) does apply). The two cases reach contrary results, but the reasoning of the District Court in *McPherson* is more persuasive. The *McPherson* Court interpreted previous holdings of the Third Circuit to demonstrate that Rule 6(e) is "inapplicable to situations where the time period commences upon the entry of a court order or judgment" but does apply "where the opposing party triggers the applicable response period." 1995 WL 56600 at *2. The rationale here is that "an opposing party is more likely to use service by mail for a strategic advantage and Rule 6(e) compensates for this possibility." *Id.* Similarly, Rule 6(e) does not apply where the time period only begins once notice is received. *Id.* at *3. In such a case, the rule is not necessary because the method of service is irrelevant and the "applicable response period commences when the party receives notice, negating any advantage to be gained by service by mail." *Id.*

As such, under Rule 6(e), NJDEP's motion to remand, which was filed within thirty-three days of the filing of notice of removal, was timely filed. Thus, NJDEP has not waived its right to move for remand on the basis of any defects in removal procedure.

## 2. Section 1441—Removal based upon Federal Subject Matter Jurisdiction

■ Federal courts are courts of limited jurisdiction, having the power to hear only those cases to which Congress has specifically extended jurisdiction over the subject matter. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). Removal of a complaint from state court to federal court is generally proper only if the federal court to which the action is removed would have jurisdiction over the matter had it originally been filed there. 28 U.S.C. §§ 1441(a)–1441(b). The burden is upon a defendant to show that removal is proper, and the federal court is obligated to "strictly construe the removal statutes against removal and resolve any

doubts in favor of remand." *Entrekin v. Fisher Scientific Inc.*, 146 F.Supp.2d 594, 604 (3d Cir.2001) (internal citations omitted).

### 3. Section 1442—Federal Officer Removal [5]

In order to remove an action from state to federal court under 28 U.S.C. § 1442(a)(1), the following prerequisites must be satisfied: 1) the defendant must be a "person" under the statute;[6] 2) the defendant must be an officer of the United States or an agency thereof, or the defendant must have been acting under the direction of an officer of the United States or an agency thereof; 3) the defendant must have a colorable federal defense; and 4) the defendant must establish a causal connection between the activities carried out under federal authority and the state court actions.[7] *Feidt v. Owens Corning*

*Fiberglas Corp.*, 153 F.3d 124, 127 (3d Cir.1998).

### a. Has Defendant Asserted a Colorable Federal Defense?

Proper removal under § 1442(a)(1) requires the defendant to raise a colorable defense under federal law. *Mesa v. California*, 489 U.S. 121, 109 S.Ct. 959, 103 L.Ed.2d 99 (1989); *Bahrs v. Hughes Aircraft Co.*, 795 F.Supp. 965, 969 (D.Ariz.1992). The question before the court on this prong is "not whether [a] claimed defense is meritorious, but only whether a colorable claim to such a defense has been made." *Fung v. Abex Corp.*, 816 F.Supp. 569, 573 (N.D.Cal.1992). The defense asserted by Defendant in this case is the government contractor defense for military contractors established by the Supreme Court in *Boyle v. United Technologies Corp.*, 487 U.S. 500, 507–08, 108 S.Ct. 2510, 101 L.Ed.2d 442 (1988), and

---

**5.** Defendant correctly states that § 1442 should be more broadly construed than § 1441. *See, e.g., Arizona v. Manypenny*, 451 U.S. 232, 242, 101 S.Ct. 1657, 68 L.Ed.2d 58 (1981) ("the right of removal is absolute for conduct performed under color of federal office, and...the policy favoring removal should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1)") (internal quotations omitted); *Sun Buick, Inc. v. Saab Cars, Inc.*, 26 F.3d 1259, 1262 (1994) (distinguishing, in dicta, § 1442, "which is broadly construed," from § 1441, "which is strictly construed"). However, these cases are not entirely relevant here, as they involved removal by actual federal officers, and not by government contractors attempting to invoke the protection of the statute. More applicable to the issue at hand is a case cited by NJDEP, *Freiberg v. Swinerton & Walberg Property Services, Inc.*, 245 F.Supp.2d 1144 (D.Colo. 2002), which held that private actors seeking to assert the right of federal officer removal "bear a special burden of establishing the official nature of their activities." 245 F.Supp. at 1150. The *Freiberg* Court carefully analyzed the holdings of the Supreme Court regarding federal officer removal and found that the purpose of a broad reading of § 1442

is a "mistrust of states and state courts to protect federal interests" and was inapplicable when the immunity of government contractors rather than federal officials was at issue. *Id.* at 1152 n. 6. *See also* Kristina L. Garcia, *The Boyle Festers: How Lax Causal Nexus Requirements and the "Federal Contractor Defense" Are Leading to a Disruption of Comity under the Federal Officer Removal Statute, 28 U.S.C. 1442(a)(1)*, 46 Emory L.J. 1629 (1997).

**6.** NJDEP does not dispute Defendant's assertion that it is a person under the statute, and most courts have held that a corporation such as Defendant qualifies as a person. *Crackau v. Lucent Technologies*, 2003 WL 21665135, *2 (D.N.J. Jun.25, 2003); *Arness v. Boeing North American, Inc.*, 997 F.Supp. 1268, 1271–72 (C.D.Cal.1998). As such, this Court need not conduct an in-depth analysis of this prong of the test and will instead assume that Defendant is a person for purposes of § 1442(a)(1).

**7.** Many courts combine the second and fourth components into one analysis. · This Court shall do the same.

extended to nonmilitary contractors by the Third Circuit in *Carley v. Wheeled Coach,* 991 F.2d 1117, 1120 (3d Cir.1993). In *Boyle,* the Supreme Court announced a three-part test for determining when state tort law is displaced by federal common law in a suit against a government military contractor: "(1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States." 487 U.S. at 512, 108 S.Ct. 2510. *Carley* extended this holding to nonmilitary contractors with the rationale that "a private contractor who is compelled by a contract to perform an obligation for the United States should, in some circumstances, share the sovereign immunity of the United States." 991 F.2d at 1120.

The official immunity of the type asserted by Defendant is a colorable federal defense. *Bahrs,* 795 F.Supp. at 969. However, it is not entirely clear that this defense, which sounds in products liability, would apply here, to an issue turning on the construction of state environmental law. On the other hand, such an analysis goes to the merits of the defense and not to the question of whether the defense is "colorable." As such, the Court should find that Defendant has asserted a colorable federal defense and move on to the final component of the test for federal officer removal.

### b. Was Defendant "Acting Under" the Direction of a Federal Officer?

To establish that it was "acting under" an officer of the United States, Defendant must show a causal nexus between the conduct charged in NJDEP's claims and the acts performed by Defendant at the direction of official federal authority. *See Arness,* 997 F.Supp. at 1273; *Willingham v. Morgan,* 395 U.S. 402, 409, 89 S.Ct. 1813, 23 L.Ed.2d 396 (1969). Courts generally require a defendant to demonstrate that the federal officer had "direct and detailed control over the operation in question." *Reed v. Fina Oil & Chemical Co.,* 995 F.Supp. 705, 710 (E.D.Tex.1998). In other words, "this control requirement can be satisfied by strong government intervention and the threat that a defendant will be sued in state court based upon actions taken pursuant to federal direction." *Fung,* 816 F.Supp. at 572 (internal quotations omitted).

Defendant argues that it has "provided this Court with ample evidence of the requisite federal control over the Jersey Works' operations during World War II and a period thereafter." (Def.'s Br. at 25.) Specifically, Defendant presents declarations of several executives to demonstrate that the Petroleum Administration for War issued daily orders and directives regarding "the manufacture, production, storage, and transfer of petroleum products." (*Id.* at 26.) NJDEP contends that "Defendant has failed to produce evidence indicating that the government directed it to improperly dispose of hazardous wastes...Defendant has ignored the fact that [NJDEP]'s claims do not relate to Defendant's actual manufacturing and production operations." (Pl.'s Rep. Br. at 14.) NJDEP asserts that Defendant has failed to demonstrate a causal nexus between the allegations of improper disposal of toxic substances into the waters of the State of New Jersey and those of Defendant's actions directed by an officer of the federal government.

An examination of the case law cited by each party reveals much about the merits of Defendant's assertions. Not one of Defendant's cited cases holding that the government exercised the requisite amount of

control to trigger federal officer removal involves an instance of *disposal* of toxic substances ordered produced by the government. All these cases are personal injury products liability actions in which the actual *production* of toxic substances ordered by the government gave rise to the alleged harm. In contrast, cases relied upon by NJDEP, which found federal officer removal inappropriate, illustrate the distinction between governmental control over manufacture and production versus disposal. *See, e.g., Bahrs,* 795 F.Supp. at 970 ("while the government officials were undoubtedly most interested in the production of war materials, the record before this Court does not demonstrate the government's necessary control over the method of waste disposal"); *Arness,* 997 F.Supp. at 1268 ("[Defendant]'s use of [hazardous materials] did not cause Plaintiffs' injuries. Rather, Plaintiffs' injuries were allegedly caused by [Defendant]'s negligent disposal and storage of [hazardous materials], which activities were not performed at the government's behest").

Accordingly, as Defendant has not offered any evidence supporting its claim that the federal government exercised control over the disposal of hazardous substances, this Court should hold that Defendant has not met its burden to demonstrate the requisite causal nexus to invoke the protections of the federal officer removal statute. Removal was not appropriate pursuant to § 1442(a) and the case should be remanded to state court.

## CONCLUSION

For the reasons stated, it is the finding of this Court that Plaintiff's motion to remand is **granted**. An appropriate Order accompanies this Opinion.