**GREEN TREE SERVICING LLC, Plaintiff,**

v.

**Rhonda D. DILLARD and Joseph Karl Dillard, wife and husband, Bank of America, N.A., Bank of America Corporation, and Countrywide Home Loans, Inc., Defendants.**

**Civil Action No. 14–8058 (JBS/JS).**

United States District Court, D. New Jersey.

Signed Feb. 27, 2015.

Brian Peter Scibetta, Buckley Madole, P.C., Iselin, NJ, for Plaintiff.

Joseph Karl Dillard, Chesilhurst, NJ, pro se.

## ORDER FOR REMAND

JEROME B. SIMANDLE, Chief Judge.

This matter comes before the Court by way of Plaintiff Green Tree Servicing, LLC's (hereinafter, "Plaintiff") unopposed motion to remand this action to the Superior Court of the State of New Jersey, Chancery Division, Camden County.[1] [Docket Item 6.]

Plaintiff filed the initial state court Complaint for Mortgage Foreclosure on October 8, 2014. [Docket Item 1.] In the three Count Complaint, Plaintiff alleges that, on February 19, 2008, Rhonda D. Dillard and Joseph Karl Dillard (hereinafter, "Defendants") executed a note ultimately assigned to Plaintiff, in the amount of $190,000 and secured by real property located in Chesilhurst, New Jersey. (*See* Compl. at 1–2.) Plaintiff alleges, however, that Defendants have, since December 1, 2011, failed to make payments in accordance with the note, despite various written demands. (*Id.* at 4.) Plaintiff therefore seeks to foreclose Defendants' interests in the mortgaged premises, to obtain immediate possession of the property, and to proceed with the foreclosure action despite any "gap in the chain of assignments." (Compl. at 5–8.)

On December 29, 2014, *pro se* Defendants removed this action to this federal Court on the basis of federal question jurisdiction under 28 U.S.C. § 1331 [Docket Item 1], and Plaintiff's unopposed motion to remand followed. [Docket Item 6.] In the pending motion, Plaintiff argues that the Court lacks subject matter jurisdiction over this action, because Plaintiff's Complaint sounds exclusively under state law.[2] (*See* Pl.'s Br. at 3–4.) Plaintiff therefore

---

1. The deadline to file opposition expired on February 17, 2015.

2. Plaintiff also argues that Defendants violated the rule of unanimity by removing this action to federal district court without first obtaining the consent of the other defendants. (*See* Pl.'s Br. at 4.) A violation of the rule of unanimity, however, constitutes a procedural defect subject to waiver if the plaintiff fails to object within 30 days. *See* 28 U.S.C. § 1447(c); *Lewis v. Rego Co.*, 757 F.2d 66, 68 (3d Cir.1985). Here, Defendants removed this action on December 29, 2014; Plaintiff, however, did not raise any rule of unanimity issue until February 3, 2015, 36 days following removal. Such delay waived Plaintiff's

insists that this action must be remanded (*see id.*), and *pro se* Defendants have filed no opposition.

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." If, however, "at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

■ Absent diversity of citizenship,[3] however, proper removal requires that the underlying state court complaint present a question of federal law. *See Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Because the plaintiff acts as "master of the claim," a court looks to the face of a complaint in accordance with the "well-pleaded complaint" rule in order to determine whether the action rests upon a federal claim. *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); *Beneficial Nat'l Bank v.*

*Anderson,* 539 U.S. 1, 6, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003); *Rivet v. Regions Bank of La.,* 522 U.S. 470, 475, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998). For that reason, however, "a case may not be removed to federal court on the basis of a federal defense," even if the plaintiff's complaint anticipates such defense. *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Nor does the presence of a federal issue in a state claim automatically confer federal jurisdiction. *See Merrell Dow Pharms., Inc. v. Thompson,* 478 U.S. 804, 813, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986).

■ Here, Defendants' sole basis for removal is, in essence, that Plaintiff constitutes a debt collector under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* (hereinafter, the "FDCPA") and/or that Plaintiff's conduct has, in some respect, violated the Consumer Credit Cost Disclosure Act, 15 U.S.C. §§ 1601 *et seq.* (hereinafter, the "CCCDA"). (*See generally* Defs.' Notice of Removal; Defs.' Amended Notice of Removal.) As a result, Defendants insist that federal question jurisdiction exists over Plaintiff's claims, because the litigation will purportedly require the consideration of disputed federal

---

ability to challenge Defendants' removal on procedural grounds. *See Lewis,* 757 F.2d at 68. In so concluding, the Court follows the weight of authority finding the three day extension under Federal Rule of Civil Procedure 6(d) ineffective "to extend the § 1447(c) time period." *Ramos v. Quien,* 631 F.Supp.2d 601, 609 (E.D.Pa.2008); *see also McMullin v. Harleysville Ins. Co., Inc.,* No. 14–7537, 2015 WL 586007, at *1 n. 2 (D.N.J. Feb. 11, 2015); *Gola v. City of Phila.,* No. 09–5037, 2011 WL 2313147, at *2 n. 1 (E.D.Pa. June 13, 2011) (same); *N.J. Dep't of Envtl. Prot. v. Exxon Mobil Corp.,* 381 F.Supp.2d 398, 401–02 (D.N.J.2005) (same). The Court therefore rejects Plaintiff's procedural argument as a basis to remand this action.

**3.** Defendants, do not allege, nor could they allege, that diversity jurisdiction under 28

U.S.C. § 1332 provides an independent basis for removal. Critically, 28 U.S.C. § 1441(b)(2) provides that "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought." 28 U.S.C. § 1441(b)(2). Here, there is no dispute that Plaintiff initially filed this action in New Jersey state court, and that Defendants constitutes citizens of that state. (*See* Compl. at 3; Defs.' Notice of Removal (identifying Defendants' New Jersey citizenship).) Removal on the basis of diversity jurisdiction is therefore barred under 28 U.S.C. § 1441(b)(2).

questions, particular given the supremacy of federal law. (*See generally id.*) Nevertheless, the face of Plaintiff's Complaint contains no FDCPA or CCCDA claims, nor relies upon any other federal statute. (*See generally* Compl.) Rather, Plaintiff's Complaint relies exclusively upon state law, and therefore provides no basis for federal question jurisdiction. (*See generally id.*) Nor can Defendants create federal jurisdiction by asserting federal defenses and/or counterclaims to Plaintiff's state law foreclosure Complaint. *See Bank of N.Y. Mellon Trust Co., N.A. v. Poczobut*, No. 13–3303, 2013 WL 4012561, at *2 (D.N.J. Aug. 5, 2013). Indeed, the well-pleaded complaint rule limits the jurisdictional inquiry to the claims and theories specifically alleged in the complaint. *See id.* Consequently, because the face of Plaintiff's Complaint identifies no federal question, this Court lacks subject matter jurisdiction, irrespective of Defendants' reliance upon a federal defense and/or assertion of a federal counterclaim. (*See* Defs.' Notice of Removal) Accordingly, Plaintiff's motion to remand will be granted, and this action will be remanded to the state court for lack of subject matter jurisdiction. *See HSBC Bank USA, N.A. v. Brown*, No. 13–7439, 2014 WL 5361933, at *2 (D.N.J. Oct. 21, 2014) (remanding a foreclosure action for lack of subject matter jurisdiction); *Wells Fargo Bank, N.A. v. Mastoris*, No. 13–5008, 2013 WL 6154531, at *4–*6 (D.N.J. Nov. 22, 2013) (same); *Bank of N.Y. Mellon Trust Co., N.A. v. Poczobut*, No. 13–3303, 2013 WL 4012561, at *2 (D.N.J. Aug. 5, 2013) (same); *Bank of N.Y. Mellon Trust Co., N.A.*, 2013 WL 4012561, at *2 (same). Consequently, for good cause shown,

IT IS this **27th** day of **February**, 2015, hereby

**ORDERED** that Plaintiff's motion to remand [Docket Item 6] shall be, and hereby is, *GRANTED;* and it is further

**ORDERED** that this action be *RE-MANDED* to the Superior Court of New Jersey, Chancery Division, Camden County, Docket No. CAM–F–042641–14; and it is further

**ORDERED** that the Clerk of Court shall *CLOSE* this case upon the docket.